## Alonzo Clay REED v. STATE of Arkansas

CA CR 79-102                                     593 S.W. 2d 472

Opinion delivered January 16, 1980
Released for publication February 6, 1980

*Paul Johnson* and *William H. Craig,* for appellant.

*Steve Clark,* Atty. Gen., by: *Catherine Anderson,* Asst. Atty. Gen., for appellee.

ERNIE E. WRIGHT, Chief Judge. The appellant was convicted by a jury of two felony counts of theft of property in violation of Ark. Stat. Ann. § 41-2203, and a misdemeanor count of drawing and uttering an insufficient fund check with intent to defraud in violation of § 67-720. After he was found guilty on the above mentioned counts the jury found appellant had been previously convicted of two or more felonies as charged. He was sentenced to three years imprisonment on each of the two felony convictions, with the sentences to run concurrently, and a fine of $20.00 on the misdemeanor conviction.

From the judgment the appellant brings this appeal contending the court erred in denying appellant's motion for a directed verdict of acquittal and in admitting into evidence the testimony of the bank's officer and microfilm copies of bank records.

The evidence shows an account was opened in the

Union National Bank in Little Rock on December 2, 1976 in the name of Master A. C. Reed Enterprises, Inc. in the amount of $5.00. No other deposits have been made in that account. On December 26, 1976, A. C. Reed drew a check in the amount of $347.00 on that account payable to A. C. Reed and deposited it in his personal account. The check was charged back to the business account as there were no funds in the business account to clear the check. The bank suffered a loss of $238.89 in the accounts incident to the $347.00 bad check. On December 28, 1976 A. C. Reed issued a check on his personal account for $35.00 to the Country Cobbler for a pair of boots and payment by the bank was refused because of insufficient funds in the account. On March 12, 1977 A. C. Reed issued a check on the business account to A. C. Reed and this was cashed by him at a Kroger store in Little Rock. The manager of the store who cashed the check testified the appellant present at trial was the individual for whom he cashed the check. Payment of the check was refused by the bank as there were no funds in the account. The appellant contacted the bank and Kroger store prior to trial and expressed a desire to make restitution, but tendered no funds.

A sales clerk from the Country Cobbler testified A. C. Reed, the appellant, present in the courtroom, gave him the $35.00 check for a pair of boots and the check came back from the bank unpaid. The check has not been paid.

Microfilm copies of bank records incident to the two accounts were received in evidence upon the testimony of the manager of the accounts services department of the bank. He testified the microfilm records he identified were kept in the normal course of business. His department processed all records for checking and saving accounts, the transactions are microfilmed daily, and that while he does not keep the microfilm in his immediate personal possession, requests for copies are handled through his department. He admitted he did not have personal knowledge as to whether the checks were actually written by A. C. Reed.

Appellant argues that the state did not establish by direct evidence that appellant wrote or presented the checks involved in the prosecution, and that his signature on the

checks was not identified. He also argues the circumstantial evidence was not sufficient to support a conviction.

The manager of a Little Rock Kroger Store testified he cashed a check for appellant dated March 12, 1977 in the amount of $165.00. The check was returned by the bank with the notation the account was closed. The check has not been paid and the appellant in the courtroom is known to him as A. C. Reed, the person for whom he cashed the check. The check was received in evidence.

No evidence was introduced disputing the bank records or the state's evidence.

The microfilm copies of bank records identified by the bank's officer as being copies of records kept in the normal course of business were competent evidence, and it was not error to admit the records in evidence. Ark. Stat. Ann. § 28-932 expressly provides for the admissibility of such records, and the records were adequately identified by the bank's officer. Under Rule 803(6) of the Uniform Rules of Evidence the testimony of the witness was competent.

The testimony of two witnesses identifying appellant as the person passing the two bad checks coupled with the testimony as to appellant expressing a desire to the bank and to Kroger store to make the losses good, combined with the documentary evidence was sufficient to warrant the court in submitting the issues to the jury.

On appeal the court affirms if there is substantial evidence to support the verdict, and we find ample substantial evidence to support the jury's verdict. *Milburn* v. *State*, 269 Ark. 267, 555 S.W. 2d 446 (1977).

After the verdict of guilty and prior to the jury determining the sentence, appellant took the stand and admitted he was guilty of the charges, and expressed his intention of making restitution.

Affirmed.