The Honorable Terry Smith State Representative 181 Caroline Acres Road Hot Springs, Arkansas 71913
Dear Representative Smith:
This opinion is being issued in response to your recent question regarding the language of Act 454 of 1995. Your question relates to the following phrase in the act:
 The county recorders, clerks of courts of record, and any public officer whose duty it is to make public records are authorized to use and employ an approved system of photographic recording, photostatic recording, microfilm, microcard, miniature photographic recording, optical disc, or other process which accurately reproduces or forms a durable medium for reproducing the original when provided with equipment necessary for such method of recording.
Acts 1995, No. 454, § 1 (emphasis added).
With regard to the above-quoted language from Act 454 of 1995, you have presented the following question:
What is "an approved system," and who has or will approve the system?
It is my opinion that the "approved system" referred to in Act 454 of 1995 is any system approved by the entity or individual who has the responsibility for determining the manner in which business is to be regularly conducted by the county recorder, clerk of court, or public officer in question (i.e., for determining what constitutes "the regular course of business").
I have derived this conclusion from a consideration of the overall purpose of the law in which the language in question appears. The Arkansas Supreme Court has held that such a consideration is appropriate in determining the meaning of statutory language. See, e.g., Bryant v.McCleod, 318 Ark. 781, 888 S.W.2d 639 (1994).
The phrase "approved system" was first used in the referenced context in 1993 (Acts 1993, No. 1150, § 1),[1] as part of an amendment to Arkansas' version of the Uniform Photographic Copies of Business and Public Records as Evidence Act. It is codified at A.C.A. §16-46-101(a)(2). One of the primary purposes of this uniform law was to provide a means of allowing business and government officials to avail themselves of the convenience of the various methods of photographically recording documents, and yet not to run afoul of the "best evidence rule," which requires the introduction of original documents in evidentiary proceedings. See Commentary, Uniform Photographic Copies of Business and Public Records As Evidence Act, Prefatory Note (A.C.A. Commentaries at 857 -58 [Michie, 1989]); Act 64 — Photographic Copies ofBusiness and Public Records As Evidence, 7 Ark. L.R. 332 (1953). The law's aim, therefore, was to provide a means by which photographic copies of documents having the same level of accuracy and reliability as the originals could be used as evidence.
The drafters appear to have contemplated that photographic copies made "in the regular course of business" would have such a level of reliability. The Arkansas Supreme Court has interpreted the act as reflecting such a contemplation. See Reed v. State, 267 Ark. 1017,593 S.W.2d 472 (1980), in which the court noted that the act expressly provides for the admissibility into evidence of photographic copies of records kept in the normal course of business. Id. at 1019.
The drafters' intent with regard to this matter is reflected in the section of the act following the one about which you specifically inquired. That section allows the destruction of original documents, if the photographic copies were made "in the regular course of business."
That section of the act states:
 If any business, institution, member of a profession or calling, or any department or agency of government, in the regular course of business
or activity has kept or recorded any memorandum, writing, entry, print, representation, or combination thereof, of any act, transaction, occurrence, or event, and in the regular course of business has caused any or all of the same to be recorded, copied, or reproduced by any photographic, photostatic, microfilm, microcard, miniature photographic, optical disk, or other process which accurately reproduces or forms a durable medium for so reproducing the original, the original may be destroyed in the regular course of business unless its preservation is required by law.
A.C.A. § 16-46-101(b)(1) (emphasis added).
The act's contemplation that photographic copies that were made "in the regular course of business" are reliable is also consistent with the Arkansas Rules of Evidence. For example, Rule 803 of the Arkansas Rules of Evidence declares that records of regularly conducted business activity are not excluded from evidence by the hearsay rule, if the records were kept in the course of regularly conducted business activity.
Because the statutory language about which you have inquired appears to be aimed at allowing the use of various types of photographically preserved records that are reliable, and because the statute appears to consider such records to be reliable if preserved "in the regular course of business," it follows that the "approved system" for preserving the records must be one that is carried out in the regular course of business. It therefore must be one that has been approved by the individual or entity who has the responsibility for determining what constitutes "the regular course of business" for the recorder, clerk, or officer in question.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] Act 454 of 1995 did not alter the phrase "approved system," but rather, simply amended the section so as to enumerate additional methods of recording.