Colonel John R. Bailey, Director Arkansas State Police P.O. Box 5901 Little Rock, Arkansas 72215
Dear Colonel Bailey:
This is in response to your request for an opinion on two questions concerning Act 419 of 1995, which authorizes the Arkansas State Police to issue licenses to qualified applicants to carry concealed handguns. Specifically, you have set out two separate portions of the act and pose one question relevant to each section. The first relevant section is section 2(d)(8), which provides that:
 (d) The application shall be completed, under oath, on a form promulgated by the director and shall include only: [name, address, etc., and . . .]
* * *
 (8) A description and the serial number of any handgun the applicant may desire to carry. Any applicant may list up to three (3) handguns that the applicant may choose to carry, but the applicant must establish proficiency in the use of each of the handguns as required in the training course as prescribed herein. In the event a license is issued pursuant to this act, the serial number of the listed handguns shall be printed only on the license. All other records of the serial numbers shall thereafter be expunged. Should a license be denied, all records of the serial number shall be expunged. All records of serial numbers of listed handguns shall be destroyed when the license expires.
Your question with reference to this language is whether the Arkansas State Police is required to maintain on file the description of the handgun or whether this information may be expunged along with the serial numbers. Only one subdivision of the act requires the maintenance of any records. Section 2 (g), which is also the section you cite as relevant to your second question, provides as follows:
 The Arkansas State Police shall maintain an automated listing of license holders and such information shall be available on-line, upon request, at all times, to all law enforcement agencies through the Arkansas Crime Information Center. However, the records of the department relating to applications for licenses to carry concealed handguns and records relating to license holders shall be exempt from the provisions of the Freedom of Information Act of the period of forty-five days (45) days from the date of the issuance of the license or the final denial of an application. [Emphasis added.]
In my opinion this provision requires the State Police to maintain an "automated listing of license holders." The relevant question is what is encompassed within the phrase "automated listing of license holders." Your first question is whether the State Police is required to maintain the description of the each handgun or whether this information "may" be expunged with the serial numbers. The relevant inquiry is therefore whether the description of the handgun is included within the definition of an "automated listing of license holders" such that the State Police is required to maintain the description in the listing. If the description of the handgun is not included within the phrase "automated listing of license holders" then no provision of the act requires the state police to maintain this information, and presumably, the descriptions "may," in the discretion of the State Police, be "expunged."[1] The analysis pertinent to your first question is also relevant in analyzing your second question, which is whether the Arkansas State Police is prohibited, under the language above, from furnishing any information other than "the list of license holders" to the Arkansas Crime Information Center or ("ACIC"). Also at issue in this question is the scope of the phrase "automated listing of license holders." The State Police is to maintain and provide "an automated listing of license holders" to the ACIC. Implicit in both your questions is whether the definition of an "automated listing of license holders" includes only the names of license holders, or also includes other information provided in conjunction with a license application, including current and former addresses, date of birth, race, sex, occupation, drivers license number or social security number, and a description of the handgun or handguns the applicant wishes to carry. Serial numbers, of course, are not to be printed anywhere but on the license. Act 419 of 1995, section 2(d)(8). They are to be "expunged" in all other instances and "destroyed" when the license expires. See n. 1, supra.
The phrase "automated listing of license holders" is not defined anywhere in the act. I have often opined that this office cannot provide a controlling definition of a term or phrase where the legislature has not seen fit to do so. Established rules of statutory construction dictate that the phrase be construed in order to give effect to the legislative intent. See, e.g., Bryant v. McCleod, 318 Ark. 781, 888 S.W.2d 639
(1994). I can glean no satisfying evidence of legislative intent, however, as to the meaning or extent of the phrase "automated listing of license holders" as used in Act 419. Another rule of statutory construction is to construe statutes just as they read, according to the plain meaning. Id. The plain meaning of the phrase "automated listing of license holders" would appear to connote a "list" of persons holding licenses, i.e. the names of license holders. In my opinion, however, the phrase may be subject to more than one interpretation. The legislature has not clearly specified what is to be included within the "list" — whether only names are to be included, whether every bit of information contained in license applications is to be compiled in the "automated listing" (except serial numbers), or some amount of information in between these two. The language above does make note of the accessibility of the records pursuant to the Arkansas Freedom of Information Act ("FOIA") (see A.C.A. §§ 25-19-101 to -107), but it is clear that the state FOIA does notrequire the maintenance of any information, but only grants access to records maintained. McMahan v. Board of Trustees, 255 Ark. 108,499 S.W.2d 56 (1973). This portion of Act 419 is therefore of no help in construing the phrase "automated listing of license holders."
There being no clear expression of legislative intent on what is to be included within the "automated listing of license holders," in my opinion some discretion is left with the Arkansas State Police to construe and implement the act. You, as Director of the Arkansas State Police, are of course authorized to promulgate rules and regulations to administer the act. In response to your first question, I cannot find a clear legislative intent that a description of handguns be maintained in the "automated listing of license holders" required to be kept by your office. The phrase itself is subject to more than one interpretation. Presumably, therefore, you have some discretion in the area, as to whether to include or not include this information. On the other hand, I cannot conclude, in response to your second question, that the legislature has prohibited the inclusion of other types of information from the licenses in the "automated listing of license holders" provided to the ACIC. Again, this is a matter which could be addressed by rules and regulations of the State Police. Ultimately, the issue is one which would benefit from legislative clarification.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] You have not inquired as to the meaning of the term "expunge" as used in the act. It is not defined therein. It is defined elsewhere in the Arkansas Code Annotated, for purposes of expungement of criminal convictions, to mean that an expunged record shall be "sealed, sequestered, and treated as confidential. . . ." See A.C.A. §16-90-901(a) as amended by Act 998 of 1995. That statute also provides that "expunge" shall not mean the physical destruction of any records." A.C.A. § 16-90-901(b). It is unclear whether a similar definition would be applied to the use of the word "expunged" in Act 419 of 1995. The language of section 2(d)(8) uses the word "expunged" in one circumstance and the word "destroyed" in another, implying a distinction between the two terms.