The Honorable Louis McJunkin State Representative P.O. Box 223 Springdale, Arkansas 72765-0223
Dear Representative McJunkin:
This opinion is being issued in response to your recent question regarding the fifteen days of military leave of absence that are allowed by the provisions of A.C.A. § 21-4-102 for employees of political subdivisions.
You have described a situation in the City of Springdale in which certain employees are "on call" even on their days off. It is my understanding that these employees are not required to stay in town or to affirmatively make themselves available while they are "on call;" rather, they can be called only in the event that they happen to be available and the employer can locate them.
In light of this scenario, you have presented the following question on behalf of Mr. Jeff C. Harper, City Attorney for the City of Springdale:
 In referring to fifteen days of military leave, does A.C.A. § 21-4-102
mean fifteen calendar days or fifteen working days?
It is my opinion that the fifteen days referred to in A.C.A. § 21-4-102
are "working" days. More specifically, they are days during which the employee in question must be available to the employer.
The practical effect of this interpretation is that the fifteen days of military leave of absence can be counted only against days when the employees would be required to work. They cannot be counted against days when the employees are "on call," because the employees are not required to be available on those days.
I base this conclusion upon a reading of the statute in light of some of the Arkansas Supreme Court's primary rules of statutory interpretation. First, the court has held that the primary goal of statutory interpretation is to ascertain the legislative purpose of the statute and to interpret it in accordance with that purpose. See, e.g., State ex relBryant v. McCleod, 318 Ark. 781, 888 S.W.2d 639 (1994). In addition, the court has held that the legislature will not be presumed to have enacted a vain or meaningless law. See, e.g., Death and Permanent TotalDisability Trust Fund v. Whirlpool Corp., 39 Ark. App. 62, 837 S.W.2d 293
(1992).
A.C.A. § 21-4-102 states in pertinent part:
 (a) All employees of the state, as defined in § 21-4-203, or any of its political subdivisions who desire to take a leave of absence for the purpose of participating in the military training programs made available by the National Guard or any of the reserve branches of the armed forces and all state employees who are members of the Reserve Corps of the Public Health Service who desire to take a leave of absence for the purpose of participating in the civil defense and public health training programs made available by the United States Public Health Service shall be entitled to such a leave of absence for a period of fifteen (15) days plus necessary travel time for annual training requirements or other duties performed in an official duty status in any one (1) calendar year. To the extent this leave is not used in a calendar year, it will accumulate for use in the succeeding calendar year until it totals fifteen (15) days at the beginning of the calendar year.
 (b)(1) Whenever any employee is granted a leave of absence under the provisions of this section, he shall be entitled to his regular salary during the time he is away from his duties during such leave of absence.
 (2) Such leave of absence shall be in addition to the regular vacation time allowed to the employee.
A.C.A. § 21-4-102.
The purpose of A.C.A. § 21-4-102 clearly is to release the employees who are governed by the act from responsibility to their employers for fifteen days per year, so as to allow them an opportunity to fulfill their military duty. The statute only has meaning if it is applied to days during which the employees in question are beholden to their employers. Clearly, employees do not need statutory authority to be absent from their jobs during time periods when they are not required to be available anyway.
For this reason, I must conclude that the statute's reference to the fifteen days is a reference to days during which employees have some job responsibility from which they must be released. Any other reading of the statute would render it meaningless.
This conclusion is bolstered by the fact that employers are required to pay the absent employees their regular salaries for the time that they are absent. This requirement would not be necessary if the fifteen days referred to days during which the employees were not required to fulfill any of the job responsibilities for which they are paid. Employers would not have to pay the employees for such time. The fact that the statute includes this requirement that employees be paid their regular salaries during their absence indicates that the legislature contemplated that the employees would be absent during times for which they normally would be paid, which includes only days during which they must be available to the employer.
To summarize, then, it is my opinion that the fifteen days referred to in A.C.A. § 21-4-102 are "working days" — i.e, days during which the employees in question must be available to the employer. The fifteen days are not "calendar days," and do not include days during which the employees are off, even if they are "on call."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh