STATE of Arkansas *v.* Lawrence BRITT, Jr.

CR 06-857                                       244 S.W.3d 665

Supreme Court of Arkansas
Opinion delivered December 7, 2006

*Mike Beebe*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellant.

*McKeel Law Firm*, by: *Agather C. McKeel*, for appellee.

R OBERT L. BROWN, Justice. This state appeal involves one issue: whether the circuit court erred in releasing appellee Lawrence Britt on a bed-space bond. We conclude that the court did err, and we reverse and remand.

On October 10, 2005, a felony information was filed in Pulaski County Circuit Court against Britt, charging him with two counts of unlawful discharge of a firearm from a vehicle pursuant to Arkansas Code Annotated § 5-74-107 (Repl. 2005). The prosecutor stated the following facts at the plea hearing. On August 21, 2004, Britt was traveling north in his automobile on Arapaho Trail in Little Rock when he fired several shots at Ernest Tyler, who was standing in front of his residence at the time. Tyler was struck in the arm by one of the shots. Britt then made a u-turn in his automobile and approached the residence from the southbound direction. Britt fired several more shots in the direction of Wanda Harris, Tyler's girlfriend, who was now also standing in front of the residence. Harris was shot four times, and her pelvic bone was fractured. Britt fled the scene of the crime and was subsequently arrested.

On May 10, 2006, Britt pled guilty to both counts of unlawful discharge of a firearm from a vehicle. The circuit court entered a judgment and commitment order, sentencing him to twenty years in prison and ordering him to pay restitution in the amount of $2,695 for damage caused to the victims' automobiles during the shooting. The circuit court also ordered Britt to be released pursuant to Act 1261 of 2005, now codified at Ark. Code Ann. § 16-90-122 (Repl. 2006), which allows nonviolent offenders to be temporarily released from custody on a bed-space bond

until bed space is available in the Arkansas Department of Correction. From this judgment and commitment order, the State appeals.

The State contends, as its sole point, that § 16-90-122 only allows for the temporary release of nonviolent offenders and that because Britt committed a violent offense, he should not have been released. The State further asserts that though Britt has since been incarcerated in the Department of Correction because a bed became available, the appeal should not be considered moot. The State makes this assertion because this appeal involves a matter of public interest and because any issue regarding a release on a bed-space bond will frequently become moot before an appeal can be heard since bed space most likely will be made available during the interval.

Britt, in response, concedes that the appeal should not be considered moot and makes no argument that he committed a nonviolent felony, which would place him within the purview of § 16-90-122. His only argument is that it is within the inherent power of the circuit courts to enter sentencing orders regardless of any statute enacted by the General Assembly. In short, he asserts that the legislative and executive branches of government may not exercise powers held by the judiciary.

In support of its argument, the State urges that the circuit court misinterpreted § 16-90-122 when it allowed a violent offender to be eligible for a bed-space bond. We review issues involving statutory construction *de novo*, as it is for this court to decide the meaning of a statute. *See Crawford v. State*, 362 Ark. 301, 208 S.W.3d 146 (2005). The standard of review for statutory interpretation has been made clear by this court:

> When reviewing issues of statutory interpretation, we are mindful that the first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Yamaha Motor Corp. v. Richard's Honda Yamaha*, 344 Ark. 44, 38 S.W.3d 356 (2001); *Dunklin v. Ramsay*, 328 Ark. 263, 944 S.W.2d 76 (1997). When the language of a statute is plain and unambiguous, there is no need to resort to rules of statutory construction. *Burcham v. City of Van Buren*, 330 Ark. 451, 954 S.W.2d 266 (1997). A statute is ambiguous only where it is open to two or more constructions, or where it is of such obscure or doubtful meaning that reasonable minds might disagree or be uncertain as to its meaning. *ACW, Inc.*

*v. Weiss*, 329 Ark. 302, 947 S.W.2d 770 (1997). When a statute is clear, however, it is given its plain meaning, and this court will not search for legislative intent; rather, that intent must be gathered from the plain meaning of the language used. *Ford v. Keith*, 338 Ark. 487, 996 S.W.2d 20 (1999); *State v. McLeod*, 318 Ark. 781, 888 S.W.2d 639 (1994). This court is very hesitant to interpret a legislative act in a manner contrary to its express language, unless it is clear that a drafting error or omission has circumvented legislative intent. *Id.*

*Crawford*, 362 Ark. at 303, 208 S.W.3d at 148. Further, penal statutes are to be strictly construed, and all doubts are to be resolved in favor of the defendant. *See, e.g., Williams v. State*, 364 Ark. 203, 217 S.W.3d 817 (2005).

■ Because the State's ability to appeal is not a matter of right, this court will only hear appeals from the State when we agree with the Attorney General "that the correct and uniform administration of the criminal law requires review" by this court. Ark. R. App. P. – Crim. 3(c). We have said in this regard that "[s]entencing and the manner in which statutory punishment provisions may be imposed arise in every criminal case where a conviction is obtained; hence, the application of our statutory sentencing procedures requires uniformity and consistency." *State v. Joslin*, 364 Ark. 545, 546, 222 S.W.3d 168, 169 (2006). The State is allowed to appeal when the circuit court imposes an illegal or unauthorized sentence. *Id.* The issue before us in this appeal is whether the circuit court had the authority to release Britt, a violent offender, on a bed-space bond contrary to the clear language of the statute. As a consequence, it involves a clear issue of statutory interpretation and the power of the judiciary to sentence contrary to the precise dictates of the legislative branch. We conclude that the State has properly brought this appeal.

■ Both the State and Britt agree that this case should not be deemed moot because it involves an issue of public interest and one that is capable of repetition yet evading review, which are two recognized exceptions to the mootness doctrine. *See Delancy v. State*, 356 Ark. 259, 151 S.W.3d 301 (2004); *Cook v. State*, 333 Ark. 22, 968 S.W.2d 589 (1998); *Campbell v. State*, 311 Ark. 641, 846 S.W.2d 639 (1993). Though Britt has since been incarcerated, we agree that this issue is one that will continually become moot before an appeal can be heard due to the availability of prison beds.

Violent offenders in the future may well be released on bed-space bonds, which the State contends runs counter to the apposite statute, yet incarcerated before the State has a chance to appeal. Therefore, we hold that the parties are correct and that this appeal, though technically moot, should be heard by this court.

Section 16-90-122 reads:

> (a) Any circuit judge may authorize the temporary release of an offender in the sheriff's custody who has:

> (1) Been found guilty of or pleaded guilty or nolo contendere to a nonviolent felony offense in circuit court, except nonviolent Class Y felony offenses listed in § 16-93-611; and

> (2) Been sentenced to a term of imprisonment and committed to the Department of Correction or the Department of Community Correction and is awaiting transfer to the Department of Correction or the Department of Community Correction.

> (b)(1) The judge may authorize the release under the terms and conditions which he or she determines are necessary to protect the public and to ensure the offender's return to custody upon notice that bed space is available at the Department of Correction or the Department of Community Correction.

> (2) The judge may require a cash or professional bond to be posted in an amount suitable to ensure the offender's return to custody.

Ark. Code Ann. § 16-90-122 (Repl. 2006).[1] The language of the statute is clear and unambiguous and specifically states that circuit judges are authorized to release nonviolent offenders on bed-space bonds. Hence, the plain meaning of the statute is that only nonviolent offenders may be temporarily released, not violent offenders.

██ Britt pled guilty to two charges of unlawful discharge of a firearm from a vehicle pursuant to § 5-74-107 of the Arkansas Criminal Gang, Organization, or Enterprise Act. That Act defines a "crime of violence" as "any violation of Arkansas law if a person

---

[1] This statute was adopted in 2005 and was not in effect at the time the crimes at issue in this case were committed. However, because the statute is procedural, it can apply to crimes committed before its adoption. *See, e.g., Nooner v. State*, 322 Ark. 87, 907 S.W.2d 677 (1995) (statute allowing victim impact evidence to be admitted during sentencing phase is procedural and applies to crimes committed before the date it was enacted).

purposely or knowingly causes, or threatens to cause, death or physical injury to another person." Ark. Code Ann. § 5-74-103 (Repl. 2006). By firing shots from a rifle in the direction of the victims, Tyler and Harris, Britt purposely and knowingly tried to cause death or physical injury to his victims. He is, without question, a violent offender and should not have been eligible for a bed-space bond.

Britt's only argument in rebuttal is that the circuit court had the inherent power to order Britt temporarily released pending the availability of bed space regardless of any statute enacted by the General Assembly. He bases his argument on the separation-of-powers doctrine. He does not make the specific argument that the bed-space bond statute itself violates the separation-of-powers doctrine but only contends that the circuit court had the authority to release him regardless of the statute.

This court has often stated that sentencing is entirely a matter of statute and shall not be done other than in accordance with the statute in effect at the time of the commission of the crime. *See, e.g., Scissom v. State*, 367 Ark. 368, 240 S.W.3d 100 (2006). A circuit court has no authority to sentence a defendant except as provided by statute, and this court defers to the General Assembly in all matters related to sentencing. *See State v. Stapleton*, 345 Ark. 500, 51 S.W.3d 862 (2001) (a circuit court has no authority to order where a sentence will be served); *Bunch v. State*, 344 Ark. 730, 43 S.W.3d 132 (2001) (legislature's requirement of a life sentence for a habitual violent offender is mandatory and not within circuit court's discretion); *Spann v. State*, 328 Ark. 509, 944 S.W.2d 537 (1997) (this court gives deference to the legislature in matters pertaining to sentencing); *State v. Knight*, 318 Ark. 158, 884 S.W.2d 258 (1994) (circuit court does not have authority to reduce charges brought by prosecuting attorney and sentence defendant to only lesser included offense when defendant pled guilty to greater offense); *State v. Murphy*, 315 Ark. 68, 864 S.W.2d 842 (1993) (circuit court cannot dismiss habitual offender charges when sentencing defendant as a habitual offender is mandatory).

The General Assembly has enacted § 16-90-122, which allows only nonviolent offenders who have been sentenced to prison to be released on bed-space bond. As a result, the circuit court only had the authority to act as the statute directed, and the circuit court erred in exceeding that authority. Because sentencing is a legislative function, there is no separation-of-powers violation

by requiring circuit courts to abide by sentencing statutes. We hold that the circuit court did not have the authority to release Britt on a bed-space bond. We reverse the judgment and commitment order only with respect to the bed-space-bond provision and remand the matter to the circuit court with directions to enter an amended judgment and commitment order consistent with this opinion.

Reversed and remanded.