Cite as 2020 Ark. 64

# SUPREME COURT OF ARKANSAS

**No.** CV–20–20

| | |
|---|---|
| ADAM G. WEEKS<br><br>APPELLANT | **Opinion Delivered:** February 13, 2020 |
| V. | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV-19-8714] |
| JOHN THURSTON, IN HIS OFFICIAL CAPACITY AS ARKANSAS SECRETARY OF STATE; JUDY MILLER; CARA BRYANT, KEITH DECLERK, AND CAROLYN TOWELL, IN THEIR OFFICIAL CAPACITIES AS COMISSIONERS OF THE RANDOLPH COUNTY ELECTION COMMISSION; MICHAEL BRADLEY, JUDY VERKLER, AND TOMMY HOLLAND, IN THEIR OFFICIAL CAPACITIES AS COMMISSIONERS OF THE LAWRENCE COUNTY ELECTION COMMISSION; LOU ANN CUSHMAN, HOLLY MCLARAN, AND HOMER WILES, IN THEIR OFFICIAL CAPACITIES AS COMMISSIONERS OF THE SHARP COUNTY ELECTION COMMISSION; AND DAVID DICKSON, ALICE JAMES, AND DONNA GOULD, IN THEIR OFFICIAL CAPACITIES AS COMMISSIONERS OF THE JACKSON COUNTY ELECTION COMMISSION<br><br>APPELLEES | HONORABLE CHRISTOPHER CHARLES PIAZZA, JUDGE<br><br><br><br><br><br><br><br>REVERSED. |

**ROBIN F. WYNNE, Associate Justice**

This is an appeal from the Pulaski County Circuit Court's order disqualifying appellant, District Judge Adam G. Weeks, from the ballot for the judicial office of the Third Judicial District, Division Three, Circuit Judge in the upcoming March 3, 2020 election. On appeal, Weeks argues that the circuit court erred when it removed his name from the ballot because (1) his conviction for a misdemeanor "fictitious tags" violation is not an "infamous crime" as defined in article 5, section 9 of the Arkansas Constitution; and (2) the violation cannot be considered "infamous," as that would violate several constitutional provisions. This court has jurisdiction pursuant to Arkansas Supreme Court Rule 1-2(a)(4) because this appeal pertains to elections and election procedures. We reverse.

On September 13 and November 8, 2019, Weeks filed with the Secretary of State as a nonpartisan candidate for the office of circuit judge in the Third Judicial District, Division Three.[1] On December 6, 2019, Judy Miller, a registered voter and resident of Randolph County, filed a petition for issuance of a writ of mandamus and for declaratory judgment, naming as defendants appellant Weeks; the Commissioners of the Randolph, Lawrence, Sharp, and Jackson County Election Commissions, in their official capacities; and John Thurston, in his official capacity as Arkansas Secretary of State. Miller alleged that Weeks is ineligible to run for public office due to having convictions for four misdemeanor violations of the hot-check statute, Ark. Code Ann. § 5-37-302 (Supp. 2019), and one violation of the "fictitious tags" statute, Ark. Code Ann. § 27-14-306 (Repl. 2014). She

---

[1]On November 7, 2019, orders to seal Weeks's four hot-check misdemeanors were filed in the Faulkner County District Court pursuant to the Comprehensive Criminal Record Sealing Act of 2013, codified at Ark. Code Ann. §§ 16-90-1401 et seq. (Repl. 2016 & Supp. 2019).

sought an expedited hearing pursuant to Arkansas Rule of Civil Procedure 78(d). The defendants filed their respective answers.

On December 17, 2019, a hearing was held at which Weeks testified, documentary evidence was introduced, and counsel presented their respective arguments to the court. Posttrial briefing was ordered. On January 6, 2020, the circuit court entered an order finding that "the hot check violations do not function to disqualify [Weeks] from the ballot"[2] but that the "fictitious tag" misdemeanor did disqualify him from the ballot. The circuit court held that it was unable to consider the facts and circumstances surrounding the conviction— that it was in the 1990s when Weeks was a college student, and Weeks testified that he did not act with the intent to be dishonest but instead simply borrowed a vehicle from his parents, who owned a used car lot. Instead, the court looked to the fact of conviction and the case *Fronterhouse v. State*, 2015 Ark. App. 211, 463 S.W.3d 312, and determined that Weeks was disqualified from running for judicial office. Weeks timely appealed. This court granted expedited consideration and ordered simultaneous briefing.

We begin our analysis with article 5, section 9 of the Arkansas Constitution, which provides as follows:

> **§ 9. Persons convicted ineligible**
>
> (a) No person convicted of embezzlement of public money, bribery, forgery, or other infamous **crime** is eligible to the General Assembly or capable of holding any office of trust or profit in this state.
>
> (b) As used in **this** section, "infamous crime" means:

---

[2]The circuit court found that Weeks's hot-check convictions were bond forfeitures that did not qualify as "infamous crimes." There is no cross-appeal of the finding regarding the hot checks, and it is not an issue before us.

3

(1) A felony offense;

(2) Abuse of office as defined under Arkansas law;

(3) Tampering as defined under Arkansas law; or

(4) *A misdemeanor offense in which the finder of fact was required to find, or the defendant to admit, an act of deceit, fraud, or false statement*, including without limitation a misdemeanor offense related to the election process.

(Emphasis added.) In Title 7 of the Arkansas Code, which governs elections, Arkansas Code Annotated section 7-1-101(17) mirrors the language of article 5, section 9, and provides the following:

(17) "Infamous crimes" for the purposes of Arkansas Constitution, Article 5, § 9, includes:

. . . .

(E) A misdemeanor offense in which the finder of fact was required to find, or the defendant to admit, an act of deceit, fraud, or false statement[.]

The question presented on appeal is whether the statute at issue, Arkansas Code Annotated section 27-14-306, constitutes a misdemeanor offense in which the finder of fact was required to find an act of deceit, fraud, or false statement. This court has explained the standard of review for statutory interpretation as follows:

When reviewing issues of statutory interpretation, we are mindful that the first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Yamaha Motor Corp. v. Richard's Honda Yamaha*, 344 Ark. 44, 38 S.W.3d 356 (2001); *Dunklin v. Ramsay*, 328 Ark. 263, 944 S.W.2d 76 (1997). When the language of a statute is plain and unambiguous, there is no need to resort to rules of statutory construction. *Burcham v. City of Van Buren*, 330 Ark. 451, 954 S.W.2d 266 (1997). A statute is ambiguous only where it is open to two or more constructions, or where it is of such obscure or doubtful meaning that reasonable minds might disagree or be uncertain as to its meaning. *ACW, Inc. v. Weiss*, 329 Ark. 302, 947 S.W.2d 770 (1997). When a statute is clear, however, it is given its plain meaning, and this court

> will not search for legislative intent; rather, that intent must be gathered from the plain meaning of the language used. *Ford v. Keith*, 338 Ark. 487, 996 S.W.2d 20 (1999); *State v. McLeod*, 318 Ark. 781, 888 S.W.2d 639 (1994). This court is very hesitant to interpret a legislative act in a manner contrary to its express language, unless it is clear that a drafting error or omission has circumvented legislative intent. *Id.*

*State v. Britt*, 368 Ark. 273, 275–76, 244 S.W.3d 665, 667 (2006) (citing *Crawford v. State*, 362 Ark. 301, 303, 208 S.W.3d 146, 148 (2005)). Further, penal statutes are to be strictly construed, and all doubts are to be resolved in favor of the defendant. *Id.*

> Section 27-14-306 provides:

> Improper use of evidences of registration.

> (a) No person shall lend to another any certificate of title, registration certificate, registration plate, special plate, or permit issued to him or her if the person desiring to borrow it would not be entitled to the use thereof, nor shall any person knowingly permit their use by one not entitled thereto, nor shall any person display upon a vehicle any registration certificate, registration plate, or permit not issued for the vehicle or not otherwise lawfully thereon under this chapter.

> (b) Any violation of this section is a misdemeanor.

Thus, there are three ways to violate the statute: (1) lending to another any certificate of title, registration certificate, registration plate, special plate, or permit issued to him or her if the person desiring to borrow it would not be entitled to its use; (2) knowingly permitting their use by one not entitled thereto; and (3) displaying upon a vehicle any registration certificate, registration plate, or permit not issued for the vehicle or not otherwise lawfully thereon under this chapter. Weeks argues that none of the provisions of section 27-14-306(a) include a scenario where the finder of fact was required to find, or the defendant to admit, an act of deceit, fraud, or false statement. He offers various scenarios, including his own, in which one could be guilty of violation section 27-14-306 without the presence of

the deceit, fraud, or false statement that is required for a misdemeanor to constitute an "infamous crime."[3]

There is limited guidance in case law regarding section 27–14–306. The circuit court cited our court of appeals' decision in *Fronterhouse v. State*, 2015 Ark. App. 211, 463 S.W.3d 312. In that case, the court of appeals considered section 27–14–306 in the context of impeachment evidence under Arkansas Rule of Evidence 609(a). The *Fronterhouse* court rejected the State's position that the proponent of a conviction must demonstrate the underlying facts giving rise to the conviction in order to establish that it involves dishonesty or false statement. The court concluded, without analysis, that a conviction under section 27–14–306 involved dishonesty or false statements "by the very definition[] of the offense[]." As explained below, we conclude that a violation of section 27–14–306 does not necessarily involve dishonesty or false statement, and we overrule *Fronterhouse* on that specific point.

This court considered the statute at issue in *Judicial Discipline & Disability Comm'n v. Thompson*, 341 Ark. 253, 16 S.W.3d 212 (2000). In that judicial-discipline proceeding, we considered whether Judge Morris Thompson's violation of section 27–14–306, by admittedly placing the license tag belonging to his 1981 Toyota on his Ford pickup truck, was a violation of Judicial Canons 1 and 2A. Thompson argued that he made no attempt to deceive anyone concerning his judicial status, but we stated that the purpose for attaching

---

[3]We disagree with Weeks's assertion that courts can consider the attendant circumstances surrounding a conviction when determining whether a misdemeanor constitutes an infamous crime under article 5, section 9. He relies on uncodified legislative findings in Act 724 of 2013, § 2, but the later clarification of the definition of infamous crime in article 5, section 9 is controlling. *See* Constitutional Amendment 95, § 2, 2017 Ark. Acts 2 (codified as amended at Ark. Const. art. 5, § 9 (Repl. 2019)).

the fictitious license tag was to mislead law enforcement officers into believing the truck was properly registered. We concluded that misconduct was a clear violation of our judicial canons. That conclusion provides no clear guidance here, because judicial-discipline proceedings are distinguishable from election-eligibility cases.

Accordingly, neither *Fronterhouse* nor *Thompson* is controlling. In the present case, the narrow issue is whether a conviction under section 27-14-306 requires the finder of fact to find, or the defendant to admit, an act of deceit, fraud, or false statement. While deceit, fraud, or false statement certainly *can be* present in a violation of section 27-14-306, as shown by Judge Thompson's conduct in his judicial-discipline case, we are tasked with deciding whether the finder of fact is *required* under the statute to find deceit, fraud, or false statement. We conclude that the answer is no. We are guided by the plain and unambiguous language of the statute itself. No words such as deceit, fraud, or false statement—or anything remotely similar—are present. Furthermore, only one of the three ways one can violate section 27-14-306 requires a culpable mental state—"knowingly permit[ting]." Under Arkansas Code Annotated section 5-2-204(c)(1), a culpable mental state is not required if the offense is a violation and a culpable mental state is not expressly included in the definition of the offense. Here, no culpable mental state was required for two of the three ways to violate the statute, including the one that fits Weeks's violation.

In sum, strictly construing the statute, resolving all doubts in favor of the defendant, and in the absence of an intent requirement, we cannot say that a violation of section 27-14-306 required a finding or admission of deceit, fraud, or false statement. Accordingly, we reverse the circuit court's order. Appellant Weeks's name shall appear on the ballot and

7

votes for him shall be counted. Because we reverse on the first point, it is unnecessary to address the remaining arguments on appeal.

Reversed. The mandate shall issue immediately.

KEMP, C.J., dissents.

**JOHN DAN KEMP, Chief Justice, dissenting.** I respectfully dissent because I cannot agree with the majority's holding to reverse the circuit court's ruling to disqualify District Judge Adam G. Weeks from the ballot for judicial office. I would affirm.

On December 17, 2019, Weeks testified at a hearing that one evening during his freshman year at the University of Central Arkansas, he was responsible for driving intoxicated passengers from a fraternity party. Weeks stated that his vehicle was damaged and that he got a car from his family's used-car lot. He claimed that early in the morning, he was driving a car with an extra dealer tag, and he was pulled over and given a citation for driving with a fictitious tag. This offense occurred in September 1994. Weeks subsequently appeared in the Conway District Court and was convicted of the misdemeanor offense of violating Arkansas Code Annotated section 27-14-306 (Repl. 1994) (improper use of evidences of registration), after operating a vehicle bearing fictitious tags.

The key question is whether Weeks's conviction of the fictitious-tag misdemeanor constitutes an "infamous crime" under article 5, section 9 of the Arkansas Constitution that disqualifies him from the ballot for the office of the Third Judicial District, Division Three, Circuit Judge in the March 3, 2020 election.

Article 5, section 9 of the Arkansas Constitution provides that "[n]o person hereafter convicted of embezzlement of public money, bribery, forgery or other infamous crime, is

eligible to the General Assembly or capable of holding any office of trust or profit in this State." This court has concluded that the framers of the Arkansas Constitution intended for an "infamous crime," when used in article 5, section 9, to include crimes involving elements of deceit and dishonesty and those crimes that impugn the integrity of the office and directly impact the person's ability to serve as an elected official. *See City of Jacksonville v. Smith*, 2018 Ark. 87, 540 S.W.3d 661 (holding that the police chief's fifteen-year-old misdemeanor conviction of giving a false report to a police officer qualified as a crime of dishonesty and deceit and constituted an infamous crime under the Arkansas Constitution); *see also Wyatt v. Carr*, 2020 Ark. 21 (affirming the circuit court's order granting Carr's petition for writ of mandamus and declaratory judgment declaring Wyatt ineligible to file for, be elected to, or hold the office of circuit judge because Wyatt had pleaded guilty to a disqualifying infamous crime under the Arkansas Hot Check Law, and the circuit court had applied the proper burden of proof).

Weeks was convicted of violating section 27–14–306(a), which, at the time of the offense, provided,

> No person shall lend to another any certificate of title, registration certificate, registration plate, special plate, or permit issued to him if the person desiring to borrow it would not be entitled to the use thereof, nor shall any person knowingly permit their use by one not entitled thereto, nor shall any person display upon a vehicle any registration certificate, registration plate, or permit not issued for the vehicle or not otherwise lawfully thereon under this chapter.

The court of appeals interpreted section 27–14–306(a) in *Fronterhouse v. State*, 2015 Ark. App. 211, at 13, 463 S.W.3d 312, 321, and held that a conviction under the section "involve[s] dishonesty or false statements by the very definition[] of the offense[]." I agree

9

with the court of appeals' conclusion and would not overrule *Fronterhouse*. The majority concludes that to indicate a culpable mental state, section 27-14-306(a) must contain the constitution's magic words—*deceit*, *fraud*, *false statement*, or similar language of intent. Such an interpretation leads to an absurd result.

Moreover, when a statute appears ambiguous, as it does in this case, this court may look to the emergency clause to determine legislative intent. *City of Rockport v. City of Malvern*, 2010 Ark. 449, at 8, 374 S.W.3d 660, 664. In 1949, the Arkansas General Assembly enacted an emergency clause as part of Act 142, part of which was later codified as section 27-14-306, and the emergency clause provides,

> SECTION 94. It is hereby ascertained and declared to be a fact that due to the lack of any provision for the registration of motor vehicles in this State, there is a great deal of confusion and some practice of fraud resulting in the used car business; that this Act will protect the citizens of this State from fraud theft, of their cars, therefore, an emergency is found to exist and this Act, being necessary for the immediate preservation of the public peace, health and safety, shall become effective upon its passage and approval.

Act of Feb. 23, 1949, No. 142, § 94, 1949 Ark. Acts 431, 467. While section 27-14-306 does not expressly contain the word *fraud*, the legislature no doubt passed Act 142 to address its concern for fraudulent activity involving the registration of motor vehicles in this state. The Arkansas legislature has not changed the statute since 1949.

Also significant is this court's holding in *Judicial Discipline and Disability Commission v. Thompson*, 341 Ark. 253, 16 S.W.3d 212 (2000):

> On June 18, 1997, Judge Thompson was stopped by the police and given a citation for exhibiting a fictitious license plate tag in violation of Ark. Code Ann. § 27-14-306 (Repl. 1994), a misdemeanor. Judge Thompson admitted he placed a license plate tag from a 1981 Toyota on his 1982 Ford pickup truck. However, he said that he was restoring the truck and only drove it to the mechanic shops or garages for needed work. While Judge Thompson

urges that he made no attempt to deceive anyone concerning his judicial status, the purpose for attaching the fictitious license tag was to mislead law enforcement officers to believe the truck was properly registered. Such misconduct on Judge Thompson's part clearly violated Canons 1 and 2 A.

*Id.* at 272, 16 S.W.3d at 221–22. This court further stated that "the record clearly shows [Thompson] knowingly violated misdemeanor laws when he utilized fictitious license tags to his personal advantage." *Id.* at 277, 16 S.W.3d at 225. Thompson's violation of section 27-14-306 factored into this court's decision to remove him from office.

I am bound by the doctrine of stare decisis. While one may view the fraudulent acts in *Thompson* as more egregious than those in the instant case, this court does not consider the attendant circumstances of the crime. *See State v. Cassell*, 2013 Ark. 221, at 7–8, 427 S.W.3d 663, 667 (stating that "[u]nder the plain language of the Constitution it is *the fact of conviction* that disqualifies a person from holding public office" (emphasis added) (quoting *Ridgeway v. Catlett*, 238 Ark. 323, 325, 379 S.W.2d 277, 279 (1964)). Given this precedent, a conviction is a conviction. Thus, Weeks's conviction should disqualify him from the ballot. To hold otherwise results in this court's disparate treatment of judges and judicial candidates.

I respectfully dissent.

*Ben Bristow*, for appellant.

*WH Law*, by: *Chris Burks* and *Judy Miller*, for appellee Judy Miller.