Cite as 2020 Ark. 382

# SUPREME COURT OF ARKANSAS

No. CV-20-631

|  |  |
|---|---|
|  | Opinion Delivered: November 19, 2020 |
| DAVID PRUITT, INDIVIDUALLY, AND AS ALDERMAN-ELECT OF WARD 1, POSITION 2 OF BEEBE, ARKANSAS<br>APPELLANT | APPEAL FROM THE WHITE COUNTY CIRCUIT COURT<br>[NO. 73CV-20-614] |
| V. | HONORABLE CRAIG HANNAH, JUDGE |
| JAKE SMITH, DERREK GOFF, MIKE ROBERTSON, LINDA ANTHONY, TRACY LIGHTFOOT, LEE MCLANE, AND CARLA BARNETT, IN HER OFFICIAL CAPACITY AS CLERK OF WHITE COUNTY, ARKANSAS<br><br>APPELLEES | AFFIRMED. |

SHAWN A. WOMACK, Associate Justice

Appellant David Pruitt appeals the White County Circuit Court's order granting appellees' emergency petition for declaratory judgment and writ of mandamus, declaring Pruitt ineligible to run for public office. On appeal, Pruitt argues (1) the circuit court erred in finding he had been convicted of an infamous crime, thus disqualifying him from public office under article 5, section 9 of the Arkansas Constitution; and (2) even if he had been convicted of an infamous crime, sealing his record restored all privileges and rights, including his eligibility to run for and hold public office. This court has jurisdiction over this appeal

pursuant to Arkansas Supreme Court Rule 1-2(a)(4) because it involves elections and election procedures. We affirm.

On February 27, 2020, Pruitt filed as a candidate for the office of Alderman of Ward 1, Position 2, of Beebe, Arkansas, in the November 3, 2020 election. On October 23, 2020, appellees, as residents and registered voters of White County, filed in the White County Circuit Court an emergency petition for declaratory judgment and writ of mandamus. In their petition, appellees alleged Pruitt was ineligible to hold public office because he had been found guilty of "voting more than once in an election" in violation of Ark. Code Ann. § 7-1-103(a)(19)(A) (Repl. 2018). Appellees sought a judgment declaring that Pruitt is ineligible or unqualified for public office; that his name not be placed on the ballot; and that the White County Clerk not count any votes cast for him or certify his name to the Secretary of State. In response, Pruitt filed a motion to dismiss asserting that his record was sealed; therefore, as a matter of law, his conviction never occurred, and all privileges and rights were restored upon entry of the order to seal under the Comprehensive Criminal Record Sealing Act of 2013, codified at Ark. Code Ann. §§ 16-90-1401 et seq. (Repl. 2016 & Supp. 2019).

On October 30, a hearing was held on appellees' petition and Pruitt's motion to dismiss. At the hearing, the parties stipulated to several facts, including that in 2016, Pruitt pled guilty to Ark. Code Ann. § 7-1-103(a)(19)(A) and thereafter had the conviction expunged pursuant to Ark. Code Ann. §§ 16-90-1401 et seq. On November 3, the circuit court entered an order finding Pruitt had been convicted of "certain infamous crimes, specifically Ark. Code Ann. § 7-1-103(a)(19)(A), Violation of Arkansas Election Law," which

2

disqualified him from running for public office under article 5, section 9 of the Arkansas Constitution. The circuit court further found Pruitt's expungement did not restore his eligibility to hold public office. The court denied Pruitt's motion to dismiss and granted appellees' petition for declaratory judgment and writ of mandamus. However, due to the proximity to the general election, the White County Clerk was ordered to count, certify, and declare the winner for the position of Alderman of Ward 1, Position 2 pending appeal. Pruitt timely appealed. On November 6, we granted expedited consideration and ordered simultaneous briefing.

On appeal, this court must determine whether Ark. Code Ann. § 7-1-103(a)(19)(A) constitutes an "infamous crime" as defined by our constitution and, if so, whether sealing the record under the Comprehensive Criminal Record Sealing Act had the effect of restoring all privileges and rights, including eligibility to hold public office. Our standard for statutory interpretation is as follows:

> When reviewing issues of statutory interpretation, we are mindful that the first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Yamaha Motor Corp. v. Richard's Honda Yamaha*, 344 Ark. 44, 38 S.W.3d 356 (2001); *Dunklin v. Ramsay*, 328 Ark. 263, 944 S.W.2d 76 (1997). When the language of a statute is plain and unambiguous, there is no need to resort to rules of statutory construction. *Burcham v. City of Van Buren*, 330 Ark. 451, 954 S.W.2d 266 (1997). A statute is ambiguous only where it is open to two or more constructions, or where it is of such obscure or doubtful meaning that reasonable minds might disagree or be uncertain as to its meaning. *ACW, Inc. v. Weiss*, 329 Ark. 302, 947 S.W.2d 770 (1997). When a statute is clear, however, it is given its plain meaning, and this court will not search for legislative intent; rather, that intent must be gathered from the plain meaning of the language used. *Ford v. Keith*, 338 Ark. 487, 996 S.W.2d 20 (1999); *State v. McLeod*, 318 Ark. 781, 888 S.W.2d 639 (1994). This court is very hesitant to

interpret a legislative act in a manner contrary to its express language, unless it is clear that a drafting error or omission has circumvented legislative intent. *Id.*

*Weeks v. Thurston*, 2020 Ark. 64, at 4, 594 S.W.3d 23, 25 (quoting *State v. Britt*, 368 Ark. 273, 275–76, 244 S.W.3d 665, 667 (2006)).

We turn first to article 5, section 9 of the Arkansas Constitution, "Persons Convicted Ineligible," which provides:

> (a) No person convicted of embezzlement of public money, bribery, forgery, or other infamous crime is eligible to the General Assembly or capable of holding any office of trust or profit in this state.
>
> (b) As used in this section, "infamous crime" means:
>
> . . . .
>
> (4) A misdemeanor offense in which the finder of fact was required to find, or the defendant to admit, *an act of deceit, fraud, or false statement*, including without limitation a *misdemeanor offense related to the election process*.

(Emphasis added.) This court has concluded that the framers of the Arkansas Constitution intended for an "infamous crime," when used in article 5, section 9, to include crimes involving elements of deceit and dishonesty. *Edwards v. Campbell*, 2010 Ark. 398, at 5, 370 S.W.3d 250, 253. Additionally, infamous crimes are those that impugn the integrity of the office and directly impact the person's ability to serve as an elected official. *Id.*

Arkansas Code Annotated section 7-1-103 lists misdemeanors for election-related offenses. Pruitt pled guilty to subsection (a)(19)(A), which states, "No person shall [v]ote, knowing himself or herself not entitled to vote." Ark. Code Ann. § 7-1-103(a)(19)(A).

Pruitt now argues the circuit court erred when it found Ark. Code Ann. § 7-1-103(a)(19)(A) constituted an infamous crime under article 5, section 9, because appellees failed to present any evidence to support such a conclusion. In this case, neither Pruitt's guilt nor his mental state is in dispute. He stipulated to his conviction under the statute, which requires a culpable mental state--"knowing." Further, voting when not entitled is inherently dishonest, and when Pruitt pled guilty to the offense, he was required to admit having committed a deceitful act. No additional evidence was necessary for the circuit court to conclude that Pruitt was convicted of an infamous crime. Consequently, we affirm the circuit court's finding that subsection (a)(19)(A), as a misdemeanor offense related to the election process, constitutes an infamous crime as contemplated by article 5, section 9 of the Arkansas Constitution.

Having determined that section 7-1-103(a)(19)(A) is an infamous crime barring a person from serving as an elected official, we turn to Pruitt's argument that sealing his record restored his eligibility to hold public office. Pruitt had his misdemeanor conviction sealed pursuant to the Comprehensive Criminal Record Sealing Act. In Ark. Code Ann. § 16-90-1417, the Act details the effect of sealing a person's criminal history, providing in pertinent part:

> (a)(1) A person whose record has been sealed under this subchapter shall have all privileges and rights restored, and the record that has been sealed shall not affect any of his or her civil rights or liberties *unless otherwise specifically provided by law.*

(Emphasis added.)

This court recently addressed the effect of sealing one's record under section 16-90-1417 in *Haile v. Johnston*, 2016 Ark. 52, 482 S.W.3d 323. There, Brian Haile, a registered voter in Cleburne County, filed a petition for declaratory judgment and writ of mandamus alleging Josh Johnston was constitutionally ineligible to run for or hold the public office of Cleburne County Sheriff. Johnston had previously pled guilty to a violation of the Arkansas Hot Check Law; however, his misdemeanor conviction was subsequently sealed pursuant to Ark. Code Ann. §§ 16-90-1401 et seq. The circuit court held Johnston's record was sealed and expunged, and he was eligible to run for and hold public office. This court affirmed, finding the plain language of Ark. Code Ann. § 16-90-1417 dictated as a matter of law that Johnston's misdemeanor conviction never occurred once the record was sealed, and all of his privileges and rights were restored. *Id.* at 7, 482 S.W.3d at 327. In construing section 16-90-1417, we stated that "the plain and ordinary meaning in the statute is that a person whose record has been sealed shall have all privileges and rights restored and not affect any of his or her civil rights or liberties *unless otherwise specifically provided by law.*" *Id.* (emphasis added). Thus, we acknowledged that other statutes may provide an exception to the general rule that sealing one's record restores all privileges and rights.

Here, Pruitt pled guilty to section 7-1-103(a)(19)(A). Subsection (b)(2)(A) specifically provides that "[a]ny person convicted under the provisions of this section shall thereafter be ineligible to hold any office or employment in any department of this state." Ark. Code Ann. § 7-1-103(b)(2)(A). In contrast, Johnston was convicted under the Arkansas Hot Check Law, which includes no such provision limiting the restoration of rights after a record has been

sealed. Under the plain and unambiguous language of section 16-90-1417(a)(1), the General Assembly reserved the authority to limit the effect of sealing in certain circumstances. With the inclusion of subsection (b)(2)(A), the General Assembly deliberately chose to exclude from public office all persons found guilty of election-related misdemeanors, regardless of whether the record is later sealed. Accordingly, we must conclude Pruitt is ineligible to hold the public office of alderman. The mandate shall issue immediately.

Affirmed.

WOOD, J., concurs without opinion.

*Lana M. Fraser*; *Joanie Harp*; and *Cory L. Bates-Rogers*, for appellant.

*Tilley, Prince & O'Neill*, by: *Christopher J. O'Neill*, for appellees.