2009 Ark. 357

**Larry Franklin WICKHAM, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CR 08–1309.**

Supreme Court of Arkansas.

June 18, 2009.

---

Montgomery, Adams & Wyatt, PLC, by: James W. Wyatt, Little Rock, for appellant.

Dustin McDaniel, Att'y Gen., by: Eileen W. Harrison, Ass't Att'y Gen., for appellee.

DONALD L. CORBIN, Justice.

⌊₁Appellant Larry Franklin Wickham appeals an order of the Marion County Circuit Court ordering him to pay $6,706.22 to Marion County pursuant to its "pay for stay" ordinance, enacted as Marion County Ordinance No.2005–15, as the ordinance conflicts with Ark.Code Ann. § 12–41–505 (Supp.2007), the statutory provision that allows counties to recoup certain expenses. This case was certified to us by the Arkansas Court of Appeals as involving a question of statutory interpretation; hence, our jurisdiction is pursuant to Ark. Sup.Ct. R. 1–2(b)(6). We affirm the instant appeal.

Appellant was charged by felony information with one count of rape in violation of Ark.Code Ann. § 5–14–103 (Repl.2006), eighteen counts of engaging children in sexually explicit conduct for use in visual or print medium in violation of Ark.Code Ann. § 5–27–303 (Repl.2006), and eighteen counts of possessing visual or print medium depicting sexually explicit conduct involving a child in violation of Ark.Code Ann. § 5–27–602 ⌊₂(Repl.2006). Immediately prior to trial, Appellant decided to enter into a plea agreement with the State.

A plea hearing was held on July 14, 2008. Appellant announced that he was pleading no contest and stated on the record that he had thoroughly discussed the plea with his attorney and understood the punishment he would receive. Thereafter, the circuit court stated that the plea had been made freely and voluntarily and came after consultation with counsel. The court

agreed to sentence Appellant in accordance with the plea agreement and, thus, sentenced him to a term of thirty years' imprisonment in the Arkansas Department of Correction on one count of sexual assault in the first degree, twenty years' imprisonment on the count of engaging children in sexually explicit conduct, and ten years' imprisonment on the charge of possessing visual or print medium depicting a child. The court further ordered the sentences to run concurrently. Additionally, the court imposed a $1,000 fine, court costs of $150, as well as several other fees, including a "pay for stay" fee authorized by Marion County Ordinance No.2005–15. The following discussion occurred at the hearing regarding the "pay for stay" fee:

> THE COURT: ... On the final issue of monetary matter, is the—under this county ordinance for Pay for Stay, it's the Court's understanding that given the time that the Defendant has remained in the custody of the Marion County Sheriff's Office, something well over four hundred days, that the—that the standard fee in that would be over twenty-two thousand dollars at this point. The Court is going to set that uh, oh, I'm going to set that at a substantially smaller amount. I guess I'll set it in at ten thousand dollars, that along with these other obligations will be due and payable subsequent to the Defendant's release from the Department of Corrections.

> MR. WYATT: Your Honor, on that issue, it's my understanding that in speaking with my client that he basically served on trustee status since last September and I think it was his understanding that his Pay for Stay would be waived from that point on because he works there at the jail, but I don't know, I mean, I just—

> MR. WICKHAM: That's right.

> MR. MIKE MOFFETT (Marion County Jail Administrator): Your Honor, Mr. Wickham has been our Trustee for a little over twelve months. The day that we made him trustee where he began working twelve hours a day, I stopped the jail [inaudible] at that point, he has over six thousand seven hundred and a six dollar jail bill at this time.

> MR. WYATT: That's fine, your Honor.

> THE COURT: Alright, let's go with that, that's even more reasonable, six thousand what was it?

> MR. CARTER: Seven hundred and six dollars and twenty-two cents, that's medication, transport and jail [inaudible].

> THE COURT: The Court's making under the Pay for Stay program, making the assessment, six thousand seven hundred and six dollars and twenty-two cents, again, all those financial obligations will be due and payable, beginning at a minimum amount of one hundred dollars per month beginning sixty days after his release from the Department of Corrections on parole.

A judgment and commitment order was entered of record that same day. On July 17, 2008, Appellant filed a motion for reconsideration of that part of his sentence regarding the "pay for stay" fee. Therein, Appellant argued that section 12–41–505(a) applies only to persons committed to the county jail, not the Arkansas Department of Correction. Appellant also argued that Ark.Code Ann. § 16–10–305 (Supp. 2007) addressed the issue of court costs and did not authorize the collection of a "pay for stay" fee.[1]

---

1. Appellant has not pursued any argument on appeal regarding the effect of section 16–10– 305 on a county's authority to collect a "pay for stay" fee.

The circuit court denied the motion for reconsideration in an order entered on July 29, 2008. The circuit court found the ordinance to be validly adopted and not contrary to any statutory provision. On August 1, 2008, Appellant filed a motion for clarification that the "pay for stay" fee was not part of his plea agreement. He contended that the "pay for stay" section on the plea form was blank when he executed it and that the matter was subsequently taken up by the court at the plea hearing because there was no agreement as to this issue. The circuit court never ruled on this motion. Appellant filed a notice of appeal on August 27, 2008, appealing the court's order requiring him to pay the "pay for stay" fee, as well as the denial of his motion for reconsideration.

Appellant's sole point on appeal is that the circuit court erred in ordering Appellant to pay $6,706.22 to Marion County, pursuant to its ordinance, as part of the sentence he received in connection with his negotiated plea. Specifically, Appellant argues that the county's ordinance is in conflict with section 12–41–505(a), as that section applies only to those persons committed to the county jail, not the Arkansas Department of Correction. The State counters that there is no conflict and that the circuit court correctly ordered Appellant to pay such a fee.

Arkansas Rule of Appellate Procedure—Criminal 1(a) states that "[e]xcept as provided by ARCrP 24.3(b) there shall be no appeal from a plea of guilty or nolo contendere." Thus, other than those appeals from a conditional plea of guilty, this court has only recognized two other exceptions to this restriction on appeals from a guilty plea. *See, e.g., Bradford v. State,* 351 Ark. 394, 94 S.W.3d 904 (2003); *Reeves v. State,* 339 Ark. 304, 5 S.W.3d 41 (1999). Those exceptions are (1) an appeal relating to an issue involving testimony or evidence

which occurred during a sentencing trial before a jury following a guilty plea; and (2) an appeal from a postjudgment motion to amend an incorrect or illegal sentence following a guilty plea. The instant case falls within this second exception as this is an appeal from the order of the circuit court denying Appellant's posttrial motion to correct a sentence he claims is illegal.

We review issues involving statutory construction de novo, as it is for this court to decide the meaning of a statute. *See State v. Britt,* 368 Ark. 273, 244 S.W.3d 665 (2006). When reviewing issues of statutory interpretation, we are mindful that the first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* (quoting *Crawford v. State,* 362 Ark. 301, 208 S.W.3d 146 (2005)). When the language of a statute is plain and unambiguous, there is no need to resort to rules of statutory construction. *Britt,* 368 Ark. 273, 244 S.W.3d 665. A statute is ambiguous only where it is open to two or more constructions, or where it is of such obscure or doubtful meaning that reasonable minds might disagree or be uncertain as to its meaning. *Id.* When a statute is clear, however, it is given its plain meaning, and this court will not search for legislative intent; rather, that intent must be gathered from the plain meaning of the language used. *Id.* With these rules of statutory interpretation in mind, we now turn to the statute at hand.

Section 12–41–505 states in relevant part:

(a)(1) Every person who may be committed to the common jail of the county by lawful authority for any criminal offense or misdemeanor, if he or she shall be convicted, shall pay the expenses in carrying him or her to jail and also for his or her support from the day of his or

her initial incarceration for the whole time he or she remains there.

(2) The expenses which accrue shall be paid as directed in the act regulating criminal proceedings.

A plain reading of this subsection does not support Appellant's argument on appeal. In order to accept Appellant's argument that it does not apply to persons held in county jails pending a resolution of their criminal cases, we would have to interpret the statute such that the phrase "committed to" is tantamount to incarceration resulting from a final judgment and commitment order. We decline to do so. First, *Black's Law Dictionary* 288 (8th ed.2004) defines the word "commit" as "to send (a person) to prison . . . esp. by court order." It further defines "commitment" as "[t]he act of confining a person in prison, mental hospital, or other institution." *Id.* The crux of both of those definitions is that a commitment is a confinement and is not necessarily limited to a confinement resulting from a final determination of guilt.

Such a conclusion is also supported by those statutes governing situations where a person is awaiting trial. *See* Ark.Code Ann. § 16–84–113 (Repl.2005) (allowing a defendant who is "committed to jail" to seek bail); Ark.Code Ann. § 16–84–116 (Repl.2005) (setting forth circumstances where the court may order a defendant to be arrested and "committed to jail" after posting bond). Also, the phrase "if he or she shall be convicted" is indicative of the General Assembly's intent that section 12–41–505 apply to pretrial detainees. To hold otherwise would render this phrase superfluous, and we will not interpret a word or phrase so that it is left void or superfluous.

Accordingly, we find no merit in Appellant's argument that the circuit court erred in ordering him to pay $6,706.22 to Marion County as part of his sentence.

Affirmed.