The Honorable Michael Lamoureux State Senator
208 Craigwood Circle Russellville, Arkansas 72801
Dear Senator Lamoureux:
You have requested my opinion on the following question concerningAct 117 of 2007, [1] which assesses a "booking and administration fee" of $20.00 on persons convicted of a felony or Class A misdemeanor: *Page 2 
 Can this twenty dollar fee be used for medical expenses of inmates or other related expenses, such as transportation of inmates, that might cost money for local government?
RESPONSE
In my opinion, the answer to this question is likely "yes" with regard to medical expenses. The answer is somewhat less clear regarding transportation or other "related" expenses as referenced in your question, but in my opinion the answer will turn on whether the expenses were incurred as an act, instance, or process of operating a county jail or regional detention facility.
These conclusions follow from the requirement that the fee "shall be deposited into a special fund within the county treasury to be used exclusively for the maintenance, operation, and capital expenditures of a county jail or regional detention facility."[2]
The statute does not define the term "operation," but this term is generally defined as "an act or instance, process, or manner of functioning or operating." RANDOM HOUSE WEBSTER'S UNABRIDGED DICTIONARY 1357 (2nd ed. 2001). It is my opinion that this general definition will likely control in the absence of a legislatively provided definition.[3] The answer to your question therefore likely turns on whether the medical or other expenses were incurred as an act, instance, or process of operating the jail or regional facility.
I believe there is ample authority for concluding that the answer to this latter inquiry is "yes" with respect to medical expenses and costs incurred for other services that must, as a matter of law, be provided to inmates. The United States Supreme Court has held that prisoners have a constitutional right to be provided with medical care. See Opinion No. 1996-135 (citing City ofRevere v. Massachusetts General Hospital, 463 U.S. 239 (1983));Union County v. Brown Hospital,297 Ark. 460, 762 S.W.2d 798 (1989). If the only way by which a governmental entity can obtain needed medical care for a detainee it to pay for it, then the governmental entity must pay. Id.
State law also explicitly provides that a county is responsible for providing needed services to persons who are in its custody: *Page 3 
 The quorum court in each county shall prescribe the method and procedure for feeding and keeping prisoners confined in the county jail and shall provide for payment for food and services.
A.C.A. § 12-41-504 (Repl. 2009).
It thus seems clear that the "operation" of the jail necessarily includes the provision of these services, so that the "booking and administration fee" under A.C.A. § 12-41-506 is properly applied to expenses incurred in that respect. The same conclusion would seem to apply in the case of a county having a regional detention facility.[4]
It is more difficult to reach a general conclusion with respect to "transportation" or other "related" expenses as referenced generally by your question. As stated above, I believe the answer depends upon whether the expenses at issue were incurred as an act, instance, or process of operating the jail or regional facility. I lack sufficient information to make that determination. I suggest that the question be referred to local counsel who will be better positioned to undertake the necessary factual analysis.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:EAW/cyh
[1] This act amended A.C.A. § 12-41-505 by adding a subsection (b) and amending subsection (c) to provide as follows:
 (b)(1) A person convicted of a felony or a Class A misdemeanor shall be assessed a booking and administration fee of twenty dollars ($20.00).
 (2)(A) The booking and administration fee described in subdivision (b)(1) of this section shall be assessed upon the conviction of a defendant and included in the judgment of conviction entered by the court.
 (B) If a court suspends imposition of sentence on a defendant or places him or her on probation and does not enter a judgment of conviction, the court shall impose the booking and administration fee as a cost.
 (3) The booking and administration fee assessed under subdivision (b)(1) of this section shall be deposited into a special fund within the county treasury to be used exclusively for the maintenance, operation, and capital expenditures of a county jail or regional detention facility.
 (c) The property of the person shall be subject to the payment of the expenses and the booking and administration fee.
A.C.A. § 12-41-505(b) and (c) (Repl. 2009).
[2] A.C.A. § 12-41-505(b)(3).
[3] See generally Wickham v. State,2009 Ark. 357, ___ S.W.3d ___ (2009).
[4] I note that in accordance with A.C.A. § 12-41-505(a), the prisoner is ultimately responsible for the costs of medical and other services. However, this should have no bearing on whether the booking and administration fee is properly applied to expenses that are incurred in the first instance by local government in operating the jail or regional detention facility. *Page 1