


# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-14-521

|  |  |  |
|---|---|---|
|  |  | **Opinion Delivered** January 21, 2015 |
| JEFF DAWSON | | APPEAL FROM THE CRITTENDEN |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [NO. CR-10-1463] |
| V. | | |
| | | HONORABLE RALPH WILSON, JR., |
| | | JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED; MOTION GRANTED |

### KENNETH S. HIXSON, Judge

Appellant Jeff Dawson pleaded guilty to residential burglary on February 14, 2011, and he was placed on five years' probation. On October 31, 2013, the State filed a petition to revoke Mr. Dawson's probation, alleging multiple violations including failure to pay fines and costs, failure to report to his probation officer as directed, and failure to pay probation fees. After a hearing, the trial court entered an order on April 1, 2014, revoking appellant's probation and sentencing him to two years in prison followed by a three-year suspended imposition of sentence. Mr. Dawson now appeals from his revocation, and we affirm.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k)(1) of the Rules of the Arkansas Supreme Court, appellant's counsel has filed a motion to withdraw on the grounds that the appeal is wholly without merit. Mr. Dawson's counsel's motion was accompanied by a brief discussing all matters in the record that might arguably support an

appeal, including any objections and motions made by appellant and denied by the trial court, and a statement of the reason why each point raised cannot arguably support an appeal. Mr. Dawson was provided a copy of his counsel's brief and notified of his right to file pro se points for reversal, but he has not filed any points.

The conditions of Mr. Dawson's probation required him to pay $1895 in fines and costs at a rate of $50 per month. At the revocation hearing, the State introduced a ledger sheet showing that Mr. Dawson had made no payments toward his fines and costs.

Mr. Dawson was also required to report to his probation officer as directed and pay a $25 monthly probation fee. Mary Marshall, appellant's probation officer, testified that Mr. Dawson had stopped reporting and that she had not seen him in eleven months. Ms. Marshall further testified that Mr. Dawson was $330 behind on his probation fees.

Arkansas Code Annotated section 16–93–308(d) (Supp. 2013) provides that, if a court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of probation, the court may revoke the probation at any time prior to the expiration of the probation. The State has the burden of proof but needs to prove only one violation. *Reynolds v. State*, 2012 Ark. App. 705. On appeal, the trial court's decision will not be reversed unless it is clearly against the preponderance of the evidence. *May v. State*, 2014 Ark. App. 365.

The only adverse ruling in this case was the trial court's decision to revoke appellant's probation, and appellant's counsel accurately asserts that there can be no meritorious challenge to the sufficiency of the evidence supporting revocation. The State demonstrated that

Mr. Dawson failed to pay any of his fines or costs, despite Mr. Dawson's testimony that he had consistently maintained employment while on probation. The State also proved that Mr. Dawson failed to report to his probation officer as directed, and Mr. Dawson provided no reasonable excuse for his failure to report. Therefore, the trial court's decision to revoke appellant's probation was not clearly against the preponderance of the evidence.

Based on our review of the record and the brief presented, we conclude that there has been compliance with Rule 4-3(k)(1) and that the appeal is without merit. Consequently, appellant's counsel's motion to be relieved is granted and the judgment is affirmed.

Affirmed; motion granted.

GLADWIN, C.J., and WHITEAKER, J., agree.

*C. Brian Williams*, for appellant.

No response.