SLIP OPINION  Cite as 2015 Ark. App. 353

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–14–254

| | | |
|---|---|---|
| JOHN L. JOHNSON | APPELLANT | Opinion Delivered MAY 27, 2015 |
| | | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. CR–05–675A] |
| V. | | |
| | | HONORABLE RALPH WILSON, JR., JUDGE |
| STATE OF ARKANSAS | APPELLEE | |
| | | AFFIRMED; MOTION GRANTED |

**KENNETH S. HIXSON, Judge**

Appellant John L. Johnson pleaded guilty to robbery on September 22, 2005, and he was placed on five years' probation. On November 2, 2007, the State filed a petition to revoke Mr. Johnson's probation, alleging multiple violations including failure to pay fines and costs, failure to report to his probation officer as directed, failure to pay probation fees, and use of marijuana. An arrest warrant was issued on November 5, 2007, and Mr. Johnson was arrested on October 14, 2013.

After a revocation hearing held on November 25, 2013, the trial court found that Mr. Johnson had violated each of the above four conditions as alleged by the State. On November 26, 2013, the trial court entered an order revoking appellant's probation and

sentencing him to five years in prison followed by a five-year suspended imposition of sentence. Mr. Johnson now appeals from his revocation, and we affirm.[1]

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3(k)(1) of the Rules of the Arkansas Supreme Court, appellant's counsel has filed a motion to withdraw on the grounds that the appeal is wholly without merit. Mr. Johnson's counsel's motion was accompanied by a brief discussing all matters in the record that might arguably support an appeal, including any objections and motions made by appellant and denied by the trial court, and a statement of the reason why each point raised cannot arguably support an appeal. Mr. Johnson was provided a copy of his counsel's brief and notified of his right to file pro se points for reversal, but he has not filed any points.

The conditions of Mr. Johnson's probation required him to pay $2250 in fines and costs at a rate of $50 per month beginning in November 2005. Amy Peyton, the collector of fines and costs for the Crittenden County Sheriff's Office, testified that Mr. Johnson had paid nothing toward his fines and costs. A ledger sheet was introduced by the State showing that Mr. Johnson had made no payments and that there was a $2250 balance.

Mr. Johnson was also required to report to his probation officer, pay a $25 monthly probation fee, and refrain from illegal drug use. Appellant's probation officer, April Wilson, testified that Mr. Johnson had reported regularly until July 2007, at which time he failed a drug test by testing positive for marijuana. According to Ms. Wilson, appellant did not report

---

[1]In a previous appeal we ordered rebriefing. *See Johnson v. State*, 2015 Ark. App. 22. Appellant's counsel has now filed a brief conforming with our rules.

to probation after that, and she further stated that Mr. Johnson was $250 behind on probation fees.

Mr. Johnson testified on his own behalf, and he stated that after being placed on probation he was working at McDonald's and living with his sick mother, who has since passed away. Mr. Johnson acknowledged that he owed fines and costs, but stated that he had other expenses such as groceries and gas. Mr. Johnson testified that after he tested positive for drugs he got scared and stopped reporting to probation. He further testified that after his mother died he used drugs to help with his anger issues.

Arkansas Code Annotated section 16-93-308(d) (Supp. 2013) provides that, if a court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of probation, the court may revoke the probation at any time prior to the expiration of the probation. A court may revoke probation subsequent to the expiration of the period of probation if, before expiration of the period, a warrant is issued for the defendant's arrest for violation of the probation.[2] Ark. Code Ann. § 16-93-308(f)(2). On appeal, the trial court's decision will not be reversed unless it is clearly against the preponderance of the evidence. *Dawson v. State*, 2015 Ark. App. 23.

The only adverse ruling in this case was the trial court's decision to revoke appellant's probation, and appellant's counsel accurately asserts that there can be no meritorious challenge

---

[2]Although Mr. Johnson's probation was revoked after the original probation period would have expired, the record shows that a warrant was issued for Mr. Johnson's arrest before the probation expired. Therefore, the trial court had jurisdiction to revoke appellant's probation.

to the sufficiency of the evidence supporting the revocation. Although the State presented evidence of multiple probation violations, the State need only prove one violation to sustain a revocation. *See Dawson*, *supra*. In his testimony, Mr. Johnson admitted that he quit reporting to probation after he failed a drug test in July 2007, and his conditions required him to report as directed. This violation was alone sufficient to revoke his probation, and on this record the trial court's decision to revoke was not clearly against the preponderance of the evidence.

Based on our review of the record and the brief presented, we conclude that there has been compliance with Rule 4–3(k)(1) and that the appeal is without merit. Consequently, appellant's counsel's motion to be relieved is granted and the judgment is affirmed.

Affirmed; motion granted.

GLADWIN, C.J., and VIRDEN, J., agree.

*Lucas Law, PLLC*, by: *Molly Lucas*, for appellant.

No response.