
# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–15–766

| | |
|---|---|
| BRANDON HARPER | Opinion Delivered:  JUNE 22, 2016 |
| APPELLANT | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. CR–12–876] |
| V. | |
| | HONORABLE JOHN N. FOGLEMAN, JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | AFFIRMED; MOTION GRANTED |

## KENNETH S. HIXSON, Judge

Appellant Brandon Harper pleaded guilty to aggravated assault on September 21, 2012, and he was placed on five years' probation. On October 3, 2013, the State filed a petition to revoke Mr. Harper's probation, alleging multiple violations including failure to report to his probation officer as directed. Mr. Harper was arrested for the probation violation on February 27, 2015. After a hearing, the trial court found that Mr. Harper violated his conditions of probation by inexcusably failing to report to his probation officer. On May 27, 2015, the trial court entered an order revoking appellant's probation and sentencing him to four years in prison. Mr. Harper now appeals from his revocation, and we affirm.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k)(1) of the Rules of the Arkansas Supreme Court, appellant's counsel has filed a motion to withdraw on the grounds that the appeal is wholly without merit. Mr. Harper's counsel's motion was

accompanied by a brief discussing all matters in the record that might arguably support an appeal, including any objections and motions made by appellant and denied by the trial court, and a statement of the reason why each point raised cannot arguably support an appeal. Mr. Harper was provided with a copy of his counsel's brief and notified of his right to file pro se points for reversal, but he has not filed any points.

The conditions of Mr. Harper's probation required him to report to his probation officer as directed. Constance Brown, appellant's probation officer, testified that Mr. Harper had failed to report as directed on multiple occasions. Ms. Brown stated that Mr. Harper stopped reporting altogether after July 16, 2013, and that she did not see him again until after his arrest on February 27, 2015.

Mr. Harper also testified at the revocation hearing. He acknowledged that he had missed probation visits and had completely lost contact with his probation officer after July 16, 2013. Mr. Harper blamed his noncompliance with his reporting conditions on his depression that resulted from his mother having a debilitating stroke and an uncle being murdered. When questioned by the trial court about why he failed to report, Mr. Harper testified:

> Honestly, your honor, like I said, I fell into a real deep depression. It's no excuse. My mind was in a bad place. I was mourning an uncle, was trying to figure what I'm going to do without my [mother]. She's all I ever had. I, to be honest, I really don't have an excuse.

Arkansas Code Annotated section 16-93-308(d) (Supp. 2015) provides that, if a court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of probation, the court may revoke the probation at any time prior to the expiration of the probation. The State has the burden of proof but needs to prove only one

violation. *Dawson v. State*, 2015 Ark. App. 23. On appeal, the trial court's decision will not be reversed unless it is clearly against the preponderance of the evidence. *Id.*

The only adverse ruling in this case was the trial court's decision to revoke appellant's probation, and appellant's counsel accurately asserts that there can be no meritorious challenge to the sufficiency of the evidence supporting the revocation. Mr. Harper's probation officer testified, and Mr. Harper admitted, that Mr. Harper had failed to report to his probation officer as directed. Mr. Harper provided no reasonable excuse for his failure to report. Therefore, the trial court's decision to revoke appellant's probation was not clearly against the preponderance of the evidence.

Based on our review of the record and the brief presented, we conclude that there has been compliance with Rule 4–3(k)(1) and that the appeal is without merit. Consequently, appellant's counsel's motion to be relieved is granted, and the judgment is affirmed.

Affirmed; motion granted.

KINARD and WHITEAKER, JJ., agree.

*Tyler C. Ginn*, for appellant.

No response.