KENNETH S. HIXSON, Judge
Appellant Dustin Kampmann pleaded guilty to possession of a controlled substance with intent to deliver, and on December 15, 2016, the trial court entered a sentencing order placing Kampmann on six years' probation. Kampmann's written conditions of probation prohibited him from committing a criminal offense punishable by imprisonment and from using any controlled substance.
On December 1, 2017, the State filed a motion to revoke Kampmann's probation, alleging that he had violated his conditions by possessing drug paraphernalia on October 18, 2017, and by admitting to using *546 marijuana and Xanax on October 25, 2017. After a revocation hearing, the trial court found that Kampmann violated his conditions by possessing drug paraphernalia. On June 20, 2018, the trial court entered a sentencing order revoking Kampmann's probation and sentencing him to four years in prison. Kampmann now appeals from the revocation of his probation.
Pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Arkansas Supreme Court Rule 4-3(k)(1), Kampmann's counsel has filed a no-merit brief wherein counsel asserts that this appeal is without merit. Kampmann's counsel's abstract, brief, and addendum contain all the adverse rulings and an explanation as to why each ruling is not a meritorious ground for reversal. Kampmann's counsel has also filed a motion to be relieved. Kampmann was provided a copy of his counsel's brief and notified of his right to file a list of pro se points for reversal, but he has filed no points. Having reviewed the record before us, we conclude that this appeal is without merit and, we affirm the revocation.
Kampmann's probation officer, Paul Clifford, was the only witness to testify at the revocation hearing. Mr. Clifford testified that on October 18, 2017, he and other officers conducted a random search of Kampmann's residence where he lived with his grandmother. When Mr. Clifford arrived at the residence he made contact with Kampmann's grandmother, who was also on probation. According to Mr. Clifford, he observed Kampmann exit a back bedroom at the end of the hallway.
When Kampmann came out of the bedroom, Mr. Clifford immediately detected an odor of marijuana. Mr. Clifford asked Kampmann which room was his, and Kampmann stated that his bedroom was the room he had just exited. Mr. Clifford searched Kampmann's bedroom and found a glass smoking device, which in his experience is commonly used for inhaling methamphetamine. The officers also found a cut straw in Kampmann's bedroom. These items were sent to the Arkansas State Crime Lab, and the straw tested positive for methamphetamine residue. Mr. Clifford stated that there were no other persons in Kampmann's bedroom when he came out. Kampmann told Mr. Clifford that some friends had been over and must have left the items in his room. On cross-examination, Mr. Clifford testified that during an October 25, 2017 probation visit, Kampmann admitting to using marijuana and Xanax. At the conclusion of the hearing, the trial court found that Kampmann violated his conditions of probation by possessing the smoking device and the straw.
In this no-merit appeal, Kampmann's counsel accurately states that the only adverse ruling below was the trial court's decision to revoke Kampmann's probation. A trial court may revoke a defendant's probation if it finds by a preponderance of the evidence that the defendant has violated a condition of the probation. Atteberry v. State , 2016 Ark. App. 331, 2016 WL 3563254. The State bears the burden of proof, but it need only prove that the defendant committed one violation of the conditions. Lewis v. State , 2015 Ark. App. 222, 2015 WL 1598103. Evidence that is insufficient to support a criminal conviction may be sufficient to support a revocation of probation. Richard v. State , 2018 Ark. App. 362, 553 S.W.3d 783. On appeal, the trial court's decision will not be reversed unless it is clearly against the preponderance of the evidence. Mosley v. State , 2016 Ark. App. 353, 499 S.W.3d 226.
In Kampmann's counsel's brief, he correctly asserts that there can be no meritorious challenge to the sufficiency of the evidence supporting the revocation. The trial court found that Kampmann possessed *547 drug paraphernalia in violation of his conditions of probation. Arkansas Code Annotated section 5-64-443(a) (Supp. 2017) makes it illegal for a person to possess drug paraphernalia with the purpose to use the drug paraphernalia to ingest, inhale, or otherwise introduce into the human body a controlled substance. The definition of "drug paraphernalia" includes an object intended for use in ingesting, inhaling, or otherwise introducing a controlled substance into the human body. Ark. Code Ann. § 5-64-401(12)(B)(xii) (Repl. 2016).
During the search of Kampmann's residence, officers found a glass smoking device and a cut straw. Mr. Clifford testified that in his experience the glass smoking device was commonly used to inhale methamphetamine. The cut straw contained methamphetamine residue. The State established that these were items of drug paraphernalia intended for use to ingest a controlled substance.
Although Kampmann was not in physical possession of the drug paraphernalia, the State does not have to prove that the defendant physically held the contraband. Conley v. State , 2014 Ark. 172, 433 S.W.3d 234. Constructive possession, which is the control or right to control the contraband, is sufficient. Id. Constructive possession can be implied when the contraband is found in a place immediately and exclusively accessible to the defendant and subject to his control. Id. Here, the officers found the drug paraphernalia in Kampmann's bedroom, which was solely occupied by him when the officers entered the residence. This was sufficient to establish that Kampmann controlled the contraband. On this record, we conclude that the trial court did not clearly err in revoking Kampmann's probation and that there could be no meritorious argument to the contrary on appeal.
Based on our review of the record and the brief presented, we conclude that there has been compliance with Rule 4-3(k)(1) and that this appeal is without merit. Consequently, Kampmann's counsel's motion to be relieved is granted, and the revocation is affirmed.
Affirmed; motion to be relieved granted.
Abramson and Virden, JJ., agree.