Cite as 2020 Ark. App. 26

# ARKANSAS COURT OF APPEALS

DIVISION III

No.    CR-19-412

| | | |
|---|---|---|
| | | Opinion Delivered:  January 15, 2020 |
| EVELYN FAYE SEAMSTER | | |
| | APPELLANT | APPEAL FROM THE MILLER COUNTY CIRCUIT COURT [NO. 46CR-16-129] |
| V. | | |
| | | HONORABLE BRENT HALTOM, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED; MOTION TO BE RELIEVED GRANTED |

**KENNETH S. HIXSON, Judge**

Appellant Evelyn Seamster pleaded guilty to possession of cocaine, and on August 2, 2016, the trial court entered a sentencing order placing Seamster on six years' probation. Seamster's written conditions of probation required her to report to her probation officer as directed and to pay a fine of $2000 and other costs at a rate of $60 per month. Seamster's conditions also prohibited her from using or possessing controlled substances.

On April 2, 2018, the State filed a petition to revoke Seamster's probation, alleging that she violated her conditions by failing to report to probation, failing to pay her fine and costs, and testing positive for cocaine. After a revocation hearing held on March 19, 2019, the trial court found that Seamster violated her conditions as alleged by the State. On March 26, 2019, the trial court entered a sentencing order revoking Seamster's probation

and sentencing her to six years in prison. Seamster now appeals from the revocation of her probation. We affirm.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(k)(1), Seamster's counsel has filed a motion to be relieved on the grounds that this appeal is wholly without merit. Seamster's counsel's motion was accompanied by a brief discussing all matters in the record that might arguably support an appeal, including any objections and motions made by appellant and denied by the trial court, and a statement of the reason each point raised cannot arguably support an appeal. Seamster was provided with a copy of her counsel's brief and notified of her right to file pro se points for reversal, but she has not filed any points.

Seamster's probation officer, Sharnell Yolanda Huff, testified that the primary reason for filing the petition to revoke Seamster's probation was because she had quit reporting. Huff testified that Seamster last reported to probation on October 26, 2017. Seamster was directed to report again in November 2017, but she failed to report then or at any time thereafter.

Huff also testified about Seamster's other probation violations. Huff stated that Seamster tested positive for cocaine on August 15, 2017. Huff further stated that Seamster had made no payments toward her fine and costs.[1]

---

[1]The State introduced a payment ledger showing that Seamster had made zero payments.

Seamster testified on her own behalf. She acknowledged that she had failed to pay her fine and costs and had quit reporting to her probation officer. Seamster stated that she had lost her husband the year before being placed on probation and that she was severely depressed. She stated that she has medical problems, including asthma and COPD, which prevent her from working. Seamster did, however, acknowledge that she receives monthly disability income. Seamster indicated that she quit reporting or contacting her probation officer because she was afraid to go to jail. She said that she can and will pay her fine and costs if she is kept on probation. Seamster apologized for her failure to comply with probation, stating, "I went into a depression and barricaded myself."

Arkansas Code Annotated section 16-93-308(d) (Supp. 2017) provides that if a court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of probation, the court may revoke the probation at any time prior to the expiration of the probation. On appeal, the trial court's decision will not be reversed unless it is clearly against the preponderance of the evidence. *Harper v. State*, 2016 Ark. App. 345.

The only adverse ruling in this case was the trial court's decision to revoke appellant's probation, and appellant's counsel accurately asserts that there can be no meritorious challenge to the sufficiency of the evidence supporting the revocation. Although the State bears the burden of proof, it need only prove one violation to support a revocation. *Kampmann v. State*, 2019 Ark. App. 156, 573 S.W.3d 544. Although Seamster had been reporting to her probation officer for the first fourteen months of her probation,

3

she quit reporting to probation altogether after that. Seamster's probation officer testified—and Seamster admitted—that Seamster had failed to report to probation as directed for a period of more than a year preceding the revocation hearing. Seamster provided no reasonable excuse for her failure to report. Therefore, the trial court's revocation of Seamster's probation was not clearly against the preponderance of the evidence, and there could be no meritorious argument to the contrary on appeal.

Based on our review of the record and the brief presented, we conclude that there has been compliance with Rule 4-3(k)(1) and that this appeal is without merit. Consequently, appellant's counsel's motion to be relieved is granted, and the revocation is affirmed.

Affirmed; motion to be relieved granted.

HARRISON and MURPHY, JJ., agree.

*Phillip A. McGough, P.A.*, by: *Phillip A. McGough*, for appellant.

One brief only.