Cite as 2021 Ark. App. 15

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-19-891

|  |  |
|---|---|
|  | **Opinion Delivered:** January 13, 2021 |
| JASON PAUL GOODE<br>APPELLANT | APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT [NO. 43CR-18-222] |
| V. |  |
|  | HONORABLE SANDY HUCKABEE, JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED IN PART; DISMISSED IN PART; MOTION TO WITHDRAW GRANTED |

## KENNETH S. HIXSON, Judge

This is an appeal from the revocation of appellant Jason Paul Goode's probation in two cases that were heard in a single revocation hearing. On May 17, 2017, Goode pleaded guilty to possession of methamphetamine and possession of drug paraphernalia in case number CR-17-264 and was placed on probation for six years and two years, respectively. On August 27, 2018, Goode pleaded guilty to possession of drug paraphernalia in case number CR-18-222 and was placed on two years' probation. On January 24 and February 12, 2019, the State filed separate petitions to revoke Goode's probation in each case alleging multiple probation violations including failing to report to his probation officer and testing positive for illegal drugs. After a revocation hearing held on April 24, 2019, the trial court found that Goode had violated the conditions of his probation in each case. On April 26, 2019, the trial court entered two orders revoking Goode's probations and sentencing him

to five-year prison terms in each case to be served consecutively. Goode now appeals from the revocations, and we affirm.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k)(1) of the Rules of the Arkansas Supreme Court, appellant's counsel has filed a motion to withdraw on the ground that the appeal is wholly without merit. Goode's counsel's motion was accompanied by a brief discussing all matters in the record that might arguably support an appeal, including any objections and motions made by appellant and denied by the trial court, and a statement as to why each point raised cannot arguably support an appeal. Goode was provided with a copy of his counsel's brief and notified of his right to file pro se points for reversal, but he has not filed any points.

In both case numbers CR-17-264 and CR-18-222 the conditions of Goode's probation required him to report to his probation officer as directed and to not use or possess any controlled substance. Kristen Trigg, appellant's probation officer, testified that Goode had failed to report as directed on four occasions between October 2018 and March 2019. Trigg further testified that Goode tested positive for marijuana on November 27, 2018, and tested positive for both marijuana and amphetamines on January 2 and February 6, 2019. The State and the defense both rested, and the trial court found that Goode had violated the conditions of his probation.

Goode testified during the sentencing phase of the revocation hearing. In Goode's testimony he admitted that he has a drug problem and asked the trial court to place him in drug court. At the conclusion of the sentencing phase, Goode's counsel asked the trial court

2

to consider alternative sanctions, including drug court. The trial court denied that request and sentenced Goode to consecutive five-year prison terms.

Arkansas Code Annotated section 16-93-308(d) (Supp. 2019) provides that if a court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of probation, the court may revoke the probation at any time prior to the expiration of the probation. The State has the burden of proof but need only prove one violation. *Dawson v. State*, 2015 Ark. App. 23. On appeal, the trial court's decision will not be reversed unless it is clearly against the preponderance of the evidence. *Id.*

In this no-merit brief, Goode's counsel accurately asserts that there can be no meritorious challenge to the sufficiency of the evidence supporting the revocations. Goode's probation officer testified that Goode missed multiple probation visits in violation of the conditions of his probation, and Goode provided no excuse for missing these visits. Goode's probation officer further testified that Goode violated the conditions by testing positive for illegal drugs during his periods of probation. Therefore, the trial court's decision to revoke Goode's probation was not clearly against the preponderance of the evidence.

Other than the revocation itself, there were two adverse rulings that occurred at the revocation hearing. Both of these adverse rulings are discussed in appellant's counsel's brief.

The first adverse ruling occurred during the testimony of Trigg, appellant's probation officer. She testified that Goode was required to report to her in the event of an arrest. The prosecutor asked Trigg whether Goode had been arrested for possession of drug paraphernalia during his probation. Goode raised a hearsay objection, stating that Trigg did not have direct knowledge of this arrest but had learned about it from another source. That

hearsay objection was sustained by the trial court.  Later in Trigg's testimony, the prosecutor asked her if Goode had notified her of a second arrest during his probation.  Goode objected arguing that "whoever notified her [of the arrest] needs to be here to talk about that."  The prosecutor clarified that as part of Goode's conditions he was required to report if he had been arrested, so she was asking whether Goode had reported as required.  The trial court allowed the question, and Trigg testified that Goode did not report to her in connection with that arrest.  Assuming this was an adverse ruling, no error occurred because Trigg had direct knowledge of whether Goode had reported to her.  Moreover, this adverse ruling could not support a meritorious appeal because, even had any error occurred, the error was harmless in light of Trigg's testimony that Goode had violated the conditions by missing numerous probation visits unrelated to this arrest and also that he had tested positive for illegal drugs.  Only one violation is necessary to support a revocation.  *See Dawson*, *supra*.

The remaining adverse ruling occurred during sentencing when the trial court rejected Goode's request for drug court or alternative sanctions and instead sentenced him to consecutive five-year prison terms.  However, no error occurred during sentencing because the trial court was not required to grant Goode's request for alternative sanctions, such as drug court.  If a court revokes a probation, it may enter a judgment of conviction and impose any sentence that might have been imposed originally for the offense.  Ark. Code Ann. § 16-93-308(g) (Supp. 2019).  Here, the five-year sentences imposed by the trial court were within the allowable sentencing range for the offenses, and there could be no meritorious challenge to these sentences.

Based on our review of the record and the brief presented, we conclude that there has been compliance with Rule 4–3(k)(1) and that this appeal from the probation revocations is without merit. Consequently, appellant's counsel's motion to be relieved is granted, and the revocations are affirmed.

Finally, we observe that, on the same day as the revocation hearing, Goode also pleaded guilty to possession of a controlled substance and possession of drug paraphernalia in separate case number CR-18-434, for which he was sentenced to five years in prison. Although Goode filed a notice of appeal from that judgment, absent certain exceptions not applicable here, a criminal defendant may not appeal from a guilty plea. *See Wickham v. State*, 2009 Ark. 357, 324 S.W.3d 344. Therefore, to the extent Goode attempts to appeal from the judgment entered in case number CR-18-434, that appeal is dismissed.

Affirmed in part; dismissed in part; motion to withdraw granted.

ABRAMSON and GRUBER, JJ., agree.

*Laura Avery*, for appellant.

One brief only.