Cite as 2022 Ark. App. 13

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-21-287

| | |
|---|---|
| | **Opinion Delivered** January 12, 2022 |
| CHRISTINE ANGELIA LOYD<br>APPELLANT | APPEAL FROM THE FAULKNER<br>COUNTY CIRCUIT COURT<br>[NO. 23CR-18-571] |
| V. | HONORABLE CHARLES E.<br>CLAWSON III, JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED; MOTION TO<br>WITHDRAW GRANTED |

## KENNETH S. HIXSON, Judge

This is a probation-revocation case. On November 9, 2018, appellant Christine Angelia Loyd pleaded guilty to possession of drug paraphernalia with intent to ingest methamphetamine and was placed on two years' probation. On January 21, 2020, the State filed a petition to revoke Loyd's probation alleging multiple probation violations. On March 27, 2020, the trial court revoked Loyd's probation and imposed an additional two years' probation. On September 23, 2020, the State filed a second petition to revoke Loyd's probation, this time alleging that she violated her conditions by failing to report to her probation officer, changing her address without prior notice or approval, and failing to pay fines and court costs. After a revocation hearing held on March 12, 2021, the trial court found that Loyd had violated her conditions and revoked her probation. The trial court entered a sentencing order sentencing Loyd to four years in the Arkansas Department of

Correction with a judicial transfer to a regional punishment facility. Loyd now appeals from the March 12, 2021, revocation and resulting sentence. We affirm.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3(k)(1) of the Rules of the Arkansas Supreme Court, appellant's counsel has filed a motion to withdraw on the ground that this appeal is without merit. Loyd's counsel's motion was accompanied by a brief discussing all matters in the record that might arguably support an appeal, including any objections and motions made by appellant and denied by the trial court, and a statement as to why each point raised cannot arguably support an appeal. Loyd was provided with a copy of her counsel's brief and notified of her right to file pro se points for reversal, but she has not filed any points.

The conditions of Loyd's probation required her to report to her probation officer as directed and to notify her probation officer of any change of address and obtain prior approval. In addition, Loyd was ordered to pay $1295 in fines and court costs in $50 monthly installments.

Corey Charles, appellant's probation officer, testified for the State. Mr. Charles stated that, due to COVID-19 protocol, Loyd was required to report to probation via telephone. According to Mr. Charles, the last time Loyd reported was on July 16, 2020. Loyd was directed to report to probation on July 23 and September 8, but she reported neither time. Mr. Charles stated that on September 8, probation officers conducted a home visit at the Cabot address furnished by Loyd and were told by the occupant that Loyd had lived there for only a few weeks before moving to Little Rock. Mr. Charles testified that he was never notified of the move and has not seen or heard from Loyd since she last reported on July

2

16, 2020. Mr. Charles also indicated that Loyd had paid nothing toward her $1295 in court-ordered fines and court costs.

Loyd testified on her own behalf. Loyd claimed that she maintained telephone contact with the probation office through December 2020, although she sometimes was unable to speak with her probation officer and left a message. Loyd acknowledged that when she was placed on probation she provided a Cabot address as her residence, and she stated that she now lives in Lonoke. Loyd did not notify her probation officer of her move to Lonoke. With respect to her fines and court costs, Loyd acknowledged nonpayment but stated that she is disabled, has custody of her four children, and is financially unable to pay.

At the conclusion of the hearing, the trial court found that Loyd had violated the conditions of her probation. The trial court specifically found that Loyd had failed to report to her probation officer as directed and had failed to apprise her probation officer of her whereabouts.

Arkansas Code Annotated section 16-93-308(d) (Supp. 2021) provides that if a court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of probation, the court may revoke the probation at any time prior to the expiration of the probation. The State has the burden of proof but need only prove one violation. *Goode v. State*, 2021 Ark. App. 15. On appeal, the trial court's decision will not be reversed unless it is clearly against the preponderance of the evidence. *Id.* In addition, because the determination of a preponderance of the evidence turns on questions of credibility and the weight to be given the testimony, we defer to the trial court's superior position. *Perry v. State*, 2018 Ark. App. 312, 550 S.W.3d 907. We have noted that the trial

court is not required to believe the testimony of the defendant because he or she is the person most interested in the outcome of the hearing. *Id.*

In his no-merit brief, Loyd's counsel accurately asserts that there can be no meritorious challenge to the sufficiency of the evidence supporting the revocation. Loyd's probation officer testified that Loyd missed two probation visits in violation of her probation and that, on the second occasion, they tried to visit Loyd at her home, but she had moved away without notice. Therefore, the trial court's decision to revoke Loyd's probation was not clearly against the preponderance of the evidence.

Other than the revocation itself, there were two adverse rulings that occurred at the revocation hearing. Both of these adverse rulings are discussed in appellant's counsel's brief.

The first adverse ruling occurred during sentencing when Loyd's counsel asked the trial court to keep Loyd on probation rather than sentence her to imprisonment. The trial court denied that request and sentenced Loyd to four years in the Arkansas Department of Correction with a judicial transfer to a regional punishment facility.

Sentencing in Arkansas is entirely a matter of statute, and no sentence shall be imposed other than as prescribed by statute. *Clark v. State*, 2019 Ark. App. 362, 584 S.W.3d 680. When a court revokes a defendant's probation, it may enter a judgment of conviction and may impose any sentence on the defendant that might have been imposed originally for the offense of which he or she was found guilty. Ark. Code Ann. § 16–93–308(g)(1)(A) (Supp. 2021). Loyd was placed on probation for possession of drug paraphernalia with intent to ingest methamphetamine, which is a Class D felony. *See* Ark. Code Ann. § 5-64-443(a)(2)(A) (Supp. 2021). Pursuant to Ark. Code Ann. § 5-4-401(a)(5) (Repl. 2013), a

Class D felony carries a sentencing range of not more than six years. The trial court has discretion to set punishment within the statutory range provided for a particular crime, and if a sentence is within the limits set by the legislature, the appellate court is not at liberty to reduce it. *Clark*, *supra*. Because Loyd's four-year sentence of imprisonment imposed by the trial court was within the statutory range prescribed by law, there can be no meritorious challenge to the sentence on appeal. *See Brookshire v. State*, 2021 Ark. App. 315, 633 S.W.3d 782.

The remaining adverse ruling occurred at the close of the hearing when Loyd stated, "I need to get my children and make sure they're taken care of because I have a nine-year-old, an eight-year-old, and a six-year-old[.]" The trial court stated, "[Y]es ma'am, I'm sorry, [but] I don't have any faith that you'd show back up if I let you out . . . based on your previous history."

Arkansas Rule of Appellate Procedure–Criminal 6(b)(1) provides, in relevant part:

(b)(1) When a defendant has been found guilty, pleaded guilty, or pleaded nolo contendere to an offense . . . and he is sentenced to serve a term of imprisonment, and he has filed a notice of appeal, the trial court shall not release the defendant on bail or otherwise pending appeal unless it finds:

(A) By clear and convincing evidence that the defendant is not likely to flee or that there is no substantial risk that the defendant will commit a serious crime, intimidate witnesses, harass or take retaliatory action against any juror, or otherwise interfere with the administration of justice or pose a danger to the safety of any other person; and

(B) That the appeal is not for the purpose of delay and that it raises a substantial question of law or fact.

Assuming Loyd was requesting bail pending appeal, the request was properly denied because no notice of appeal had yet been filed. *See Guthrie v. State*, 2017 Ark. App. 681. Moreover,

the issue of an appeal bond is now moot because any ruling on this issue would not afford Loyd any relief. *See Walley v. State*, 353 Ark. 586, 112 S.W.3d 349 (2003). Therefore, this point can provide no meritorious ground for reversal.

Based on our review of the record and the brief presented, we conclude that there has been compliance with Rule 4–3(k)(1) and that this appeal from the probation revocation is without merit. Consequently, appellant's counsel's motion to withdraw is granted, and the revocation is affirmed.

Affirmed; motion to withdraw granted.

GLADWIN and WHITEAKER, JJ., agree.

*Robert N. Jeffrey, Attorney at Law*, by: *Robert N. Jeffrey*, for appellant.

One brief only.