Cite as 2024 Ark. App. 29

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-22-564

|  |  |  |
|---|---|---|
|  |  | **Opinion Delivered** January 17, 2024 |
| SETH FONTENOT | | |
| | APPELLANT | APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT [NO. 43CR-21-368] |
| V. | | |
| | | HONORABLE BARBARA ELMORE, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**KENNETH S. HIXSON, Judge**

This is a probation-revocation case. On October 19, 2021, appellant Seth Fontenot pleaded guilty to Class C felony impairing the operation of a vital public facility and was placed on five years' probation. On March 24, 2022, the State filed a petition to revoke Seth's probation alleging, among other things, that Seth had violated the conditions of his probation by failing to report a new arrest to his probation officer and by testing positive for THC. After a revocation hearing held on May 25, 2022, the trial court found that Seth had violated the conditions and revoked his probation. On May 26, 2022, the trial court entered a sentencing order sentencing Seth to two years in a community correction facility followed by a one-year suspended imposition of sentence. Seth now appeals from the revocation and resulting sentence. We affirm.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(b)(1) of the Rules of the Arkansas Supreme Court, appellant's counsel has filed a motion to withdraw on the ground that this appeal is without merit. Seth's counsel's motion was accompanied by a brief discussing all matters in the record that might arguably support an appeal, including any objections and motions made by appellant and denied by the trial court, and a statement as to why each point raised cannot arguably support an appeal. Seth was provided with a copy of his counsel's brief and notified of his right to file pro se points for reversal, but he has not filed any points.

The conditions of Seth's probation required him to obey all state laws and to report any contact with law enforcement to his probation officer on the next regular weekday. In addition, Seth was ordered not to use any controlled substance and to submit to random drug testing.

Chief of Police Eric Franks of the Carlisle Police Department testified for the State. Chief Franks stated that on March 10, 2022, the police received a call about a man talking to himself and behaving erratically and that the man had almost been hit by a car while crossing the street. Chief Franks went to the scene and recognized the man as Seth Fontenot from having prior contact with him. According to Chief Franks, Seth was hollering and acting erratically, and he appeared to be under the influence of something. Chief Franks and another officer tried to calm Seth down but were unsuccessful, and Seth began talking incoherently and would not comply with the officers' commands. Chief Franks handcuffed Seth and arrested him for public intoxication. While Seth was being booked at the police

2

station, he continued to be agitated and was kicking at the officers as they tried to secure his property. The officers found what they recognized as a methamphetamine pipe with residue in Seth's pocket. Seth was placed in the "drunk tank," where he continued to scream and holler. As a result of this episode, Seth was charged with public intoxication and possession of drug paraphernalia.

Molly Norris, Seth's probation officer, testified next. Ms. Norris testified that she drug tested Seth during a probation visit on March 1, 2022, and that Seth tested positive for "marijuana, THC." Ms. Norris also testified that Seth never reported his March 10, 2022 arrest to her.

At the conclusion of the hearing, the trial court found that Seth had violated the conditions of his probation. The trial court specifically found that Seth had failed to report his contact with law enforcement to his probation officer and that Seth had tested positive for THC.

Arkansas Code Annotated section 16-93-308(d) (Supp. 2023) provides that if a court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of probation, the court may revoke the probation at any time prior to the expiration of the probation. The State has the burden of proof but need only prove one violation. *Goode v. State*, 2021 Ark. App. 15. On appeal, the trial court's decision will not be reversed unless it is clearly against the preponderance of the evidence. *Id.* In addition, because the determination of a preponderance of the evidence turns on questions of

credibility and the weight to be given the testimony, we defer to the trial court's superior position. *Perry v. State*, 2018 Ark. App. 312, 550 S.W.3d 907.

The only adverse ruling below was the revocation itself, and Seth's counsel's no-merit brief accurately states that there can be no meritorious challenge to the sufficiency of the evidence supporting the revocation. The testimony at the revocation hearing showed that Seth was arrested on March 10, 2022, and charged with public intoxication and possession of drug paraphernalia. Seth's probation officer testified that Seth failed to report this arrest to her in violation of a condition of his probation. Although this violation alone supports Seth's revocation, Seth's probation officer further testified that Seth violated another condition by testing positive for THC. Therefore, the trial court's decision to revoke Seth's probation was not clearly against the preponderance of the evidence.

In counsel's no-merit brief, counsel also correctly asserts that Seth received a legal sentence. When a court revokes a defendant's probation, it may enter a judgment of conviction and may impose any sentence on the defendant that might have been imposed originally for the offense of which he or she was found guilty. Ark. Code Ann. § 16-93-308(g)(1)(A) (Supp. 2023). Seth was placed on probation for Class C felony impairing the operation of a vital public facility. *See* Ark. Code Ann. § 5-38-205(b)(1) (Repl. 2013). Pursuant to Ark. Code Ann. § 5-4-401(a)(4) (Repl. 2013), a Class C felony carries a sentencing range of not less than three years nor more than ten years. Upon revocation of the probation, the trial court sentenced Seth to two years' imprisonment plus an additional one-year suspended imposition of sentence. The aggregate sentence of three years consisting

4

of a term of imprisonment followed by a suspended imposition of sentence is within the statutory range prescribed by law and is a legal sentence. *See Henderson v. Payne*, 2022 Ark. 84, 643 S.W.3d 1. Therefore, there can be no meritorious challenge to the sentence on appeal. *See Loyd v. State*, 2022 Ark. App. 13.

Having reviewed the record and the brief presented, we conclude that there has been compliance with Rule 4-3(b)(1) and that this appeal from the probation revocation is without merit. Consequently, appellant's counsel's motion to withdraw is granted, and the revocation is affirmed.

Affirmed; motion to withdraw granted.

HARRISON, C.J., and GLADWIN, J., agree.

*Robert M. "Robby" Golden*, for appellant.

One brief only.